**DONALD RICHARD KARR JR. in pro per**
**Vietnam ERA Veteran 1967-1970**
1973 Application & Stolen Veterans Benefits
1973 VA Application no. C XXXX6558
(VA-WHISTLE BLOWER since January 2013)
212 W. Ironwood Drive #D544
Coeur d' Alene, Idaho 83814
November 11th 2023



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 26 2024

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF TEXAS

## FIFTH CIRCUIT COURT DIVISION

CASE NO.

3 - 24 CV - 823 - D

| | |
|---|---|
| DONALD RICHARD KARR, JR. Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Solider, US Army 575th Ordinance, <br><br> vs. <br><br> President Joesph R. Biden Jr., United States of America, Department of Veterans Affair, Denis Mc Donogh, Secretary, Veterans Affair Union AFGE (AFOL-CIO), TRICARE INSURANCE, Donald Lee Karr, Respondents and Does 1 thru 1,500 Does/ | Ministerial Duty of Care and Failures of Veterans Affair since 1973, Acts of TREASON, 18 U.S.C. §§ 2381 & 2384, & 28 USC § 241, 18 U.S.C. § 1951, 18 U.S.C. § 242, RICO CYBER CIVIL & CRIMINAL CRIMES 18 U.S.C. § 1028, 18 U.S.C. § 1028 (A), & U.S.C. § 1029, since September 1973 assigning Petitioner's Benefits and 100% Service Connected Disability award without giving Petitioner his 100% Service Connected Disability award in 1973, Donald Lee Karr Impersonating the Petitioner, as a Solider, 18 U.S.C. § 906 Art 106 |

## VETERANS AFFAIR FAILURE OF DUTY OF CARE TO
## 100% SERVICE CONNECTED VIETNAM VETERAN

PETITIONER'S ORIGINAL PETITION
CASE OF FIRST IMPRESSION
Exhibit "I" through "III" are attached to this Petition

### TO THE HONORABLE COURT:

COMES NOW Donald Richard Karr Jr., also known as Donald R. Karr Jr., the Petitioner and Plaintiff [once loss of benefits are determined by the Court. in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law, violations in this matter may be heard as a Complex Litigation Complaint, Federal Rules 4, 9, 16 and 38 [Right to a Jury; Demand (a) The right of trial by jury as decided by the Seventh Amendment to the Constitution or as provided by a federal statue is preserved to the parties, (b) Demand on any issue trialable of right by a jury, a party may demand a jury trial, with Plaintiff's request for a Jury Trial 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'], Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner [1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, US Army 575th Ordinance and was an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company], who alleges that he has had his 1973 award of his 100% Service Connected Disability Benefits, now in the Veterans Affair 55 year Protected Status, Petitioner's GI BILL Educational and Title 34 Education Benefits stolen from Petitioner. Petitioner's requests including his University Education for Civil Engineering and Construction Engineering plus Law School were denied by Veterans Affair because of the Donald Lee Karr Continuing Criminal Enterprise (CCE), the Veterans Affair Organized Crime Group, that Operates and Manages Veterans Affair over Fifty (50) years, that have stolen Petitioner's TRICARE Insurance and Medicaid Insurance, stolen from Petitioner by Veterans Affair and Veterans Affair Management, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, who lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765, and his son Donald Lee Karr, Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106 had Petitioner's benefits assigned in the Veterans Affair Computer to Donald Lee Karr in their Continuing Criminal Enterprise (CCE). TRICARE Insurance billings dated January 30th 2023 and August 25th 2023 showing the Sponsor as Donald R. Karr Jr the Petitioner and his social security number plus the letter sent to TRICARE Insurance Mary Stilen dated February 15th 2023. Petitioners' benefits, so that Petitioner's 100%

Service Connected Disability Benefits, are given to Donald Lee Karr who is not a Veteran and his family has made it impossible for Petitioner to obtain his TRICARE Insurance and Medicaid Insurance,

**Veterans Affair and Veterans Affair Management, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, the Respondents, and each of them, since on or about September 1973, in their Continuing Criminal Enterprise (CCE), when as an undisputed fact Donald Richard Karr Jr. (that is shown on his DD-214 and Social Security Card as Donald Richard Karr Jr.), also known and shown as Donald R. Karr Jr., at Veterans Affair. Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran [1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider], US Army 575th Ordinance and Petitioner was an active Military Reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company, was the veteran who qualified for the benefits alleges** that he had his 1973 award of his 100% Service Connected Disability Benefits stolen, and received no has benefits from Veterans Affair until he the Petitioner in this Petition had surgery in Reno Nevada Veterans Affair when Petitioner was in Reno in 2003 through 2005. Petitioner made his second application for Benefits and received his 100% Service Connected Disability benefits and was again awarded his benefits but not given his benefits, now in the Veterans Affair 55 year Protected Status,  Petitioner's GI BILL Educational and Title 34 Education Benefits were stolen from Petitioner, Petitioner's TRICARE Insurance, when he went to San Antonio Veterans Affair where David J. Caudill and Marie Weldon stole Petitioner's 100% Service Connected Disability Benefits from the Veterans Affair Computer in November 2011. These Continuing Criminal Enterprise (CCE) have established their TREASON and the Respondents, and each of them, should be taken into custody and held at Guantanamo Bay Detention Camp and Prison,  Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner and Veterans!

Regardless of this Petition and Case specific damages the Respondents, and each of them, have engaged in a cover up of undisputed facts that the Petitioner is 100% Service Connected Disabled Veteran since 1973 and in fact reassigned Petitioner 1973 award of his 100% Service Connected Disability Benefits now in the Veterans Affair 55 year Protected Status,  Petitioner's GI BILL Educational and Title 34 Education Benefits were stolen from Petitioner, Petitioner's TRICARE Insurance [and Petitioner's Medicaid Insurance] stolen from Petitioner by Veterans Affair Criminal Regime and 50 plus year

Organized Crime Group, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, and his son Donald Lee Karr who never served in the military, has never qualified for Donald Richard Karr, Jr. 100% Service Connected Disability Benefits, but has assumed Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability Benefits in 1973 identifying himself as Donald Richard Karr Jr, a Solider, stating that he lived at said fraudulent address using the address 22042 Robin Oaks Terrace, Diamond Bar, California 91765 in Donald Richard Karr Jr., Petitioner's Profile at Veterans Affair with a PO BOX in Diamond Bar, California 91765 to redirect this mail belonging to Donald Richard Karr Jr, Petitioner to DONALD LEE KARR when in fact he lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765. This cover up has been on going and still today is monthly money laundering and identity theft of Petitioner's benefits for five (5) decades and approximately fifty (50) years that Petitioner has been refused his specific applications each time.

The theft of Petitioner's 100% Service-Connected Disabled Veterans benefits that were again stolen in November 2011 at San Antonio Veterans Affair where David J. Caudill and Marie Weldon stole Petitioner's 100% Service Connected Disability Benefits from the Veterans Affair Computer, that were originally awarded to Petitioner in California in 1973, and again in Reno Veterans Affair on or about 2004 when Petitioner had Gallbladder Surgery at Reno, Nevada Veterans Affair are now in the Veterans Affair 55 year Protected Status, and can not be changed. These are the 100% service connected disabilities, that combining Chronic Bronchitis #6600 with mold and cedar allergies will cause you to stay in the hospital for a week at Ft. Ord during basic training in February 1968. The mold and cedar allergies with Petitioner having small and large bronchial tubes cause Petitioner's Chronic Bronchitis #6600, that has now developed into COPD #6604, which Petitioner uses Anoro Ellipta. On June 26th 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, but Veterans Affair refused Petitioner any upgrade in June 2015. The type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, now in the Veterans Affair 55 year Protected Status, can not be changed or downgraded although Veterans Affair tried to do this in July 2018 in an award in Missoula that Petitioner's benefits deleted in July 2018 when in fact Petitioner's benefits began in 1973 when he was given a 1973 Application no. C XXXX6558 when he was authorized his GI BILL Education benefits stolen by Donald Lee Karr who has never been in the Military to receive Petitioner's 100% Service Connected Disability Military benefits. Currently as of August 2023 Veterans Affair owes Petitioner for six hundred sixty-seven (667) months

since February 1968 benefits for the June 2015 rating for 2015, Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating. Petitioner has been denied all attempts to receive his benefits except his current payment of 30% Service Connected Disability. **TORTUOUS BREACH OF CONTRACT** Donald Richard Karr Jr., Petitioner is entitled to Punitive Damages against the Respondents, and each of them, **in a Continuing Criminal Enterprise (CCE)**, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations, Racketeering and Organized Crimes at Veterans Affair plus refusal of Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability benefits stolen by Veterans Affair, the Respondents, and each of them, on or about September 1973, Refusal all attempts of Petitioner for his benefits that began on or about September 1973 are the TREASON that has been committed by the Respondents, and each of them, these monthly benefits for the last approximately fifty (50) years. Petitioner's TRICARE Insurance that was awarded to him in 1973 shows that he is the Sponsor and uses his social security no. XXX-XX 0308, to establish it is Petitioner, plus now Petitioner's Medicaid Insurance was taken out in Idaho in 2020 without Petitioner's knowledge or given the number in Idaho. The State of Idaho refuses Petitioner any information on this Medicaid Insurance that is the Petitioner's for the last three (3) years without giving Petitioner documentation of this Medicaid when Petitioner requested the information. These Continuing Criminal Enterprise (CCE) have established their TREASON and they should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner and Veterans!

Veterans Affair has refused to award Petitioner his 100% Service Connected Disability Benefits or any other award of his benefits including his June 26th 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, but Veterans Affair refused Petitioner any upgrade in June 2015. Petitioner has had his 1973 award of his 100% Service Connected Disability Benefits stolen, and received no has benefits from Veterans Affair until he the Petitioner in this Petition had surgery in Reno Nevada Veterans Affair when Petitioner was in Reno in 2003 through 2005. Petitioner made his second application for Benefits and received no 100% Service Connected Disability benefits and was again not awarded his benefits and not given his benefits, now in the Veterans Affair 55 year Protected Status since 2003. Veterans Affair in Spokane, since on or about October 2016, through present has refused Petitioner's benefits working with the other Veterans Affairs facilities to illegally down

grade Petitioner's benefits to a maximum of thirty percent (30%) service connected disability. Petitioner shows in this Petition when had surgery in Reno Nevada Veterans Affair, when Petitioner was in Reno in 2003 through 2005. Petitioner made his second application for Benefits in the Reno Veterans Affair and received no 100% Service Connected Disability benefits in San Antonio Texas Veterans Affair because these 100% Service Connected Disability were stolen at San Antonio Texas Veterans Affair in November 2011. Petitioner was again not awarded his benefits and not given his benefits, now in the Veterans Affair 55 year Protected Status since 2003. Veterans Affair has refused Petitioner's benefits working with the other Veterans Affairs facilities to illegally down grade Petitioner's benefits to a maximum of thirty percent (30%) service connected disability. Veterans Affair reported Petitioner to the FBI placing him on the watch list so he could not own a gun when in fact Petitioner was in fact 100% Service Connected Disabled and these benefits were in the Veterans Affair 55 year Protected Status since 2003. The information was in fact false that Veterans Affair gave the FBI.

Petitioner's benefits are part of a 1946 Act of Congress and the Respondents, and each of them, and there is no other United States Law that has amended this 1946 Act of Congress to give the legal right of anyone to assume the Petitioner's 100% Service Connected Disability Benefits, stolen in 1973 by Donald Ray Karr, Veterans Affair Employee, who is now dead at 86 years old died December 8th 2014, and his son Donald Lee Karr. The Petitioner now receives 30% Service Connected Disability, and Rating, he now receives has not been paid since February 1968, but only paid since March 2012 that would have to be paid to Petitioner immediately, plus treble damages for said stolen benefits and punitive damages not including any sanctions for these Racketeering Activities and RICO Act Crimes, Obstruction of Justice and Criminal Racketeering Activities.

Petitioner was denied this upgrade when Kathy Malin Regional Director Veterans Affair Boise Idaho represented Petitioner but intentionally refused to upgrade Petitioner in his June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, but Veterans Affair refused Petitioner any upgrade in June 2015. The type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, now in the Veterans Affair 55 year Protected Status, can not be changed although Veterans Affair continues there false writings and documents. Petitioner's medicaid was setup in 2020 without Petitioner's knowledge or notice of same for the Veterans Affair Criminal Regime that Kathy Malin [should be taken into

custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO] is part of the Organized Crime Group, Continuing Criminal Enterprise (CCE) are able to continue their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973.

This Petition is about Tax Evasion that Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, that setup his son Donald Lee Karr in the Veterans Affair Computer in Petitioner's Profile in a second side of Petitioner's Computer Profile so that he was able to Impersonate Petitioner as Solider using his son and grandson to assume Petitioner's 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance in a Tax Evasion scam which his son and his wife had their child Donald Ray Karr born in September 21st 1985 to take the place of Petitioner's Daughter born in September 5th 1974. Veterans benefits 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance are not taxed or reported as income, for the Veteran who is given the benefits. **Donald Lee Karr and Robyn L. Karr his wife, Donald Ray Karr their son, Jean Susan Karr Donald Lee Karr's mother Continuing Criminal Enterprise (CCE) since 1973 for the specific purpose to embezzle Petitioner's 100% Service Connected Disability Benefits with the Veterans Affair Profile that has two sides that they obtain the Petitioner's 100% Service Connected Disability.** TRICARE Insurance billings dated January 30th 2023 and August 25th 2023 showing the Sponsor as Donald R. Karr Jr the Petitioner and his social security number plus the letter sent to TRICARE Insurance Mary Stilen dated February 15th 2023. Petitioners' benefits so that Petitioner's 100% Service Connected Disability Benefits are given Donald Lee Karr who is not a Veteran and his family has made it impossible for Petitioner to obtain his TRICARE Insurance.

**Petitioner can not be upgraded from his 30% from his side of the Profile. Petitioner can not get more than 30% Service Connected Disability because Petitioner's Profile will drop their side of Petitioner's Profile with Donald Lee Karr. Petitioner can not be**

upgraded more than the 30% Service Connected Disability because Veterans Affair will not upgrade Petitioner because **Donald Lee Karr and Robyn L. Karr his wife, Donald Ray Karr their son, Jean Susan Karr Donald Lee Karr's mother Continuing Criminal Enterprise (CCE) prevents Petitioner from receiving his upgrade** in June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, but Veterans Affair refused Petitioner any upgrade in June 2015. The type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, now in the Veterans Affair 55 year Protected Status, can not be changed although Veterans Affair tried to do this in July 2018 in an award in Missoula that Petitioner's benefits were deleted in July 2018, when in fact Petitioner's benefits began in 1973 when he was given a 1973 Application no. C XXXX6558 plus the award of 100% Service Connected Disability when he as authorized his GI BILL Education benefits stolen by Donald Lee Karr who has never in the military and was not entitled to any benefits. Therefore was the reason this Donald Lee Karr, as an undisputed fact, **violations and Racketeering Activities under the RICO Act,** specifically for the purpose to continue their embezzlement of payments of Petitioner 100% Service Connected Disability since 1973 in their 'Obstruction of Justice in the Criminal Enterprise within Veterans Affair The mother Jean Susan Karr a CPA now 95 years old, son Donald Lee Karr a Tax Attorney at his home address and grandson Donald Ray Karr also a CPA have stolen Petitioner's benefits because there is no records that are taxed in said benefits payments of these monthly benefits for the last approximately fifty (50) years is the reason Donald Lee Karr has not yet been arrested and taken in custody.

As a separate and illegal action which Donald Lee Karr is **Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106.** The Respondents, and each of them, since on or about since September 1973, have stolen Petitioner's benefits, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) at Veterans Affairs as their way of conducting illegal business and government agency, to continue their embezzlement of payments of Petitioner benefits for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion month after month for fifty plus years, rising to the level of Racketeering Activities under the RICO Act. **RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that**

identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973 in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes against Petitioner to KILL him to take his Veterans Affair Computer Profile at Veterans Affair that is 'Obstruction of Justice in the Criminal Enterprise within Veterans Affair' of the stolen Petitioner's benefits that the Veterans Affair Union is using to steal Billions of Dollars from the Government, because there is no records that are taxed in said benefits payments of these monthly benefits for the last approximately fifty (50) years. Petitioner's TRICARE Insurance that was awarded to him in 1973 shows that he is the Sponsor and uses his social security no. XXX-XX 0308, to establish it is Petitioner, plus now Petitioner's Medicaid Insurance was taken out in Idaho in 2020 without Petitioner's knowledge or given the number in Idaho. The State of Idaho refuses Petitioner any information on this Medicaid Insurance that is the Petitioner's for the last three (3) years without giving Petitioner documentation of this Medicaid when Petitioner requested the information. These Continuing Criminal Enterprise (CCE) have established Respondents TREASON and they should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for Respondents crimes against Petitioner and Veterans!

Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran joined the Army in September 1967 for three years on a delayed enlistment program to be a Helicopter Pilot but waited till December 1967 to go to the induction center to take his oath to go in the Army returning home in December 1970. Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, setup his son Donald Lee Karr in the Veterans Affair Computer so that he was able to Impersonate Petitioner as Solider violating 18 U.S.C. § 906 Art 106 so that his son Donald Lee Karr on or about September 1973 began receiving Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran benefits from Petitioner's Veterans Affair Profile since 1973 including his award of 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance. Veterans Affair, and its staff, the Respondents, and each of them, on or about September 1973, when Petitioner returned his first two (2) GI BILL checks, because the checks came to early in September 1973 and Petitioner's school did not start until 1974.

Petitioner's school first two (2) GI BILL checks were given to Donald Lee Karr, by his father Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former

Veterans Affair employee in 1973, that setup his son Donald Lee Karr in the Veterans Affair computer so that he was able to **Impersonate Petitioner as Solider violating 18 U.S.C. § 906 Art 106 so that his son Donald Lee Karr on or about September 1973 began receiving Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran benefits from** Petitioner's Veterans Affair Profile since 1973 forging Petitioner's name on the checks so Petitioner's benefits were redirected to Donald Lee Karr instead of Petitioner.

This Petition is about Tax Evasion that Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, that setup his son Donald Lee Karr in the Veterans Affair Computer in Petitioner's Profile in a second side of Petitioner's Computer Profile so that he was able to Impersonate Petitioner as Solider using his son and grandson to assume Petitioner's 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance in a Tax Evasion scam which his son and his wife had their child Donald Ray Karr born in September 21st 1985 to take the place of Petitioner's Daughter born in September 5th 1974. Veterans benefits 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance are not taxed or reported as income, for the Veteran who is given the benefits. Donald Lee Karr was never in the military and was not entitled to any benefits. The Continuing Criminal Enterprise (CCE) of Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, that setup his son 'Donald Lee Karr Crime Family at Veterans Affair' to survive Donald Ray Karr, former Veterans Affair employee death in December 8th 2014. The mother Jean Susan Karr a CPA now 95 years old, son Donald Lee Karr a Tax Attorney at his home address and grandson Donald Ray Karr also a CPA have stolen Petitioner's benefits that is no tax records that are taxed in said benefits payments of these monthly benefits for the last approximately fifty (50) years. The reason that Donald Lee Karr, as an undisputed fact, **violations and Racketeering Activities under the RICO Act,** specifically for the purpose to continue their embezzlement of payments of Petitioner benefits for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act.

**Donald Lee Karr a Tax Attorney at his home address and grandson Donald Ray Karr also a CPA have stolen Petitioner's benefits in their Continuing Criminal Enterprise (CCE), Racketeering and RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft**

(fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973 in these Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes against Petitioner to KILL him to take his Veterans Affair Computer Profile at Veterans Affair that is 'Obstruction of Justice in the Criminal Enterprise within Veterans Affair; with its Employees and agents KILLING VETERANS FOR THEIR BENEFITS in the Veterans Affair and its Union's Money laundering operation of Petitioner's 100% Service Connected Disability Benefits, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3). The Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, that setup his son 'Donald Lee Karr Crime Family at Veterans Affair' to survive Donald Ray Karr, former Veterans Affair employee death in December 8th 2014. The mother Jean Susan Karr a CPA now 95 years old, son Donald Lee Karr a Tax Attorney at his home address and grandson Donald Ray Karr also a CPA have stolen Petitioner's benefits because there is no records that are taxed in said benefits payments of these monthly benefits for the last approximately fifty (50) years.

The Respondents, and each of them, in these actions by Veterans Affair, and the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice to Murder Petitioner, continue with their undisputed attempts to murder Petitioner, that are specifically for the purpose to continue their embezzlement of payments of Petitioner benefits for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) stolen Petitioner's

benefits because there is no records that are taxed in said benefits payments of these monthly benefits for the last approximately fifty (50) years.

No Veterans Affair doctors since Petitioner's Kerrville, Texas Veterans Affair doctor James Graham have taken Petitioner as their patient with their care for him as a patient that Petitioner experiences with private as example Kootenai Health Care System doctors where Petitioner feels confident that his welfare is a matter of their practice of medicine. Dr. Rebecca Meier MD, Chief of Staff of Spokane Veterans Affair, assigned Dr. Michael Abrahams MD CDA PACT TEAM 1, for over three (3) years ago as his patient but Petitioner heard nothing from him as his Veterans Affair doctor.

Darryl Heisey Idaho State Service Officer [in his Continuing Criminal Enterprise (CCE) should be arrested and taken into custody, and transferred to GITMO] of the State of Idaho Division of Veterans Services and the Idaho State Health and Welfare, set up, without Petitioner's knowledge in 2020 so Petitioner's Medicaid Insurance can be used by Donald Lee Karr, Jean Susan Karr Donald Lee Karr's mother could use the Petitioner's Medicaid. TRICARE Insurance. The insurance billings for TRICARE Insurance dated January 30th 2023 and August 25th 2023 showing the Sponsor as Donald R. Karr Jr, the Petitioner and his social security number, plus the letter sent to TRICARE Insurance Mary Stilen dated February 15th 2023. Petitioners' TRICARE Insurance benefits that are part of Petitioner's 100% Service Connected Disability Benefits are given Donald Lee Karr who is not a Veteran and his family has made it impossible for Petitioner to obtain his TRICARE Insurance. Petitioner's service connected benefits award for June 2015 when Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating but Veterans Affair refused Petitioner any upgrade from the TOKEN 30% Service Connected Disability rating since 1973 so Petitioner was denied this upgrade when Darryl Heisey represented Petitioner, so that Donald Lee Karr and Robyn L. Karr his wife, Jean Susan Karr Donald Lee Karr's mother could continue drawing the Petitioner's monthly 100% Service Connected Disability Benefits since 1973, Petitioner's TRICARE Insurance and Medicaid Insurance. Petitioner's medicaid was setup in 2020 without Petitioner's knowledge or notice of same for the Veterans Affair Criminal Regime that Darryl Heisey [should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO] is part of although he works for the State of Idaho as Veterans Service Officer now retired and Organized Crime Group, Continuing Criminal Enterprise (CCE) are able to continue their money laundering and identity theft

violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) for the use of Petitioner's 100% Service Connected Disability Benefits, TRICARE Insurance and MEDICAID Insurance by Donald Lee Karr and Robyn L. Karr his wife, Donald Ray Karr their son, Jean Susan Karr Donald Lee Karr's mother Continuing Criminal Enterprises (CCE). These Continuing Criminal Enterprise (CCE) have established their TREASON and they should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner and Veterans!

Kathy Malin Regional Director in Boise Idaho Veterans Affair who is part of the Criminal Regime and Organized Crime Group at Veterans Affair has downgraded Petitioner with 'false writings and ratings' with Petitioner in the 'Protected Status of the 55 years Rule at Veterans Affair since 2003' such that Petitioner's 100% Service Connected Disability Benefits can not be downgraded at Veterans Affair to 30% Service Connected Disability. Petitioner's upgrade award in June 2015 when Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus (that Petitioner's Veterans Affair Choice Doctor Glen Volyn MD is currently treating Petitioner for) which is 30% Service Connected Disability rating can not be deleted by Kathy Malin Regional Director in Boise Idaho Veterans Affair. Kathy Malin Regional Director in Boise Idaho Veterans Affair should be arrested and taken into custody for her Continuing Criminal Enterprise (CCE). These Continuing Criminal Enterprise (CCE) have established Respondents TREASON and they should be taken into custody and held at Guantanamo Bay Detention Camp and Prison, Guantanamo, Cuba (GITMO) while they are held and prosecuted for their crimes against Petitioner and Veterans!

Petitioner was not given his award in of his 1973 100% Service Connected Disability Status in the Veterans Affair Computer but not given the award in 1973 or any subsequent payment of his 100% Service Connected Disability Benefits. Petitioner has

been given no increase in his benefits since November 2011 when his 100% Service-Connected disabled classification and benefits were not given to Petitioner from Veterans Affair in San Antonio or in Reno, Nevada! Petitioner's Doctors have since 1973 established his 100% Service-Connected disabled classification and benefits that have not been given to Petitioner in San Antonio Veterans Affair where David J. Caudill and Marie Weldon stole Petitioner's 100% Service Connected Disability Benefits from the Veterans Affair Computer in November 2011. Veterans Affair failure is now the reason for the filing of this Petition and Case with the Court. Petitioner received no doctors from Veterans Affair in Spokane and CBOC in Coeur d' Alene since he came to Idaho in September 2016 and subsequently no medical care, no medications, no diabetic shoes or medical payments in over three (3) years that Dr. Micheal Abrahams, MD, as Petitioner's Veterans Affair Doctor, but yet no communication whatsoever in over three years in Veterans Affair fifty (50) years of 'Obstruction of Justice'.

Donald Ray Karr, also know as Donald R. Karr, Navy Veteran and Veterans Affair Employee, and his son, DONALD LEE KARR when DONALD LEE KARR who was not a solider, **Impersonating Petitioner as a Solider in violation of 18 U.S.C. § 906 Art 106,** never served in the military, has never qualified for Donald Richard Karr, Jr. 100% Service Connected Disability Benefits, but has assumed Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability Benefits in 1973 identifying himself as Donald Richard Karr Jr, a Solider, stating that he lived at said fraudulent address using the address 22042 Robin Oaks Terrace, Diamond Bar, California 91765 in Donald Richard Karr Jr., Petitioner's Profile at Veterans Affair with a PO BOX in Diamond Bar, California 91765 to redirect this mail belonging to Donald Richard Karr Jr, Petitioner to DONALD LEE KARR when in fact he lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765. The undisputed fact is Donald Lee Karr blocked Donald Richard Karr Jr., Petitioner from obtaining his 100% Service Connected Disability benefits since 1973 because Donald Richard Karr Jr., Petitioner's Veterans Affair Computer Profile has two (2) sides, not one (1), in the Veterans Affair Computer altered to have one side with Donald Lee Karr obtaining 100% Service Connected Disability benefits that is Petitioner Donald Richard Karr Jr. 100% Service Connected Disability benefits plus Donald Richard Karr Jr., Petitioner gets 30% Service Connected Disability benefits that are specifically payments of $508.05 per month but no other veterans benefits from Veterans Affair because Veterans Affair refuses all of Petitioner's benefits. When you examine Exhibit I attached with the billing from TRICARE Insurance the Sponsor is shown as Donald R. Karr, Jr. the Petitioner and it is Donald Richard Karr Jr. the Petitioner's Social Security

number shown on the social security card and DD 214 also attached as Exhibit I.

Petitioner request the Court order a private firm not working with the US Government to perform 'forensic audit' of Petitioner's Profile at Veterans Affair since 1973 and Petitioner's father Donald Richard Karr (last four of social security number 2126) Profile at Veterans Affair since 1973. Petitioner also requests a 'certified copy' of Petitioner's US Army 201 File since he enlisted in the US Army in September 1967 on their delayed enlistment program.

Petitioner asks that the Court to recommend to the US Attorney Office Prosecution of these Rico Act violations of the Respondents, and each of them, in their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) in five (5) decades, plus they have stopped and blocked all attempts for Petitioner to obtain his GI Bill Educational Benefits or any Educational Benefits under Chapter 34 and redirected Petitioner's TRICARE Insurance and Medicaid Insurance in said conspiracy to ignore every effort to be transparent, follow the Rule of Law, producing false documents and false writings of Petitioner's ratings and status as a 100% Service Connected Disable Veteran since 1973, in these actions by Veterans Affair, and the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice to Murder Petitioner, Veterans Affair, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, and his son Donald Lee Karr, was not in the Military and did not have any military benefits, Impersonating Petitioner as Solider violating 18 U.S.C. §  906 Art 106, all Respondents part of fifty year criminal conspiracy at Veterans Affair.

The theft of Petitioner's 100% Service-Connected Disabled Veterans benefits that were again stolen in November 2011 at San Antonio Veterans Affairs, that were originally

awarded to Petitioner in California in 1973, and again in Reno Veterans Affair on or about 2004 when Petitioner had Gallbladder Surgery at Reno, Nevada Veterans Affair!

These are the 100% service connected disabilities, that combining Chronic Bronchitis #6600 with mold and cedar allergies will cause you to stay in the hospital for a week at Ft. Ord during basic training in February 1968. The mold and cedar allergies with Petitioner having small and large bronchial tubes cause Petitioner's Chronic Bronchitis #6600, that has now developed into COPD #6604, which Petitioner uses Anoro Ellipta. In June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, but Veterans Affair refused Petitioner any upgrade in June 2015. The type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating, now in the Veterans Affair 55 year Protected Status, can not be changed although Veterans Affair tried to do this in July 2018 in an award in Missoula that Petitioner's benefits deleted in July 2018 when in fact Petitioner's benefits began in 1973 when he was given a 1973 Application no. C XXXX6558 when he as authorized his GI BILL Education benefits stolen by Donald Lee Karr who has never been in the Military to receive Petitioner's 100% Service Connected Disability Military benefits. Currently as of August 2023 Veterans Affair owes Petitioner for six hundred sixty-seven (667) months since February 1968 benefits for the June 2015 rating for 2015, Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating. Petitioner has not been paid for his GI BILL Education Benefits stolen in 1973 by Donald Ray Karr who is now dead at 86 years old died December 8th 2014 and his son Donald Lee Karr, plus the 30% Service Connected Rating he now receives since February 1968, but now paid since March 2012, that would be paid to Petitioner immediately, plus treble damages for said stolen benefits and punitive damages not including any sanctions for these Racketeering Activities and RICO Act Crimes, Obstruction of Justice and Criminal Racketeering Activities.

Donald Richard Karr, Jr., Vietnam Veteran, the Petitioner, is 100% Service Connected Disabled as an undisputed fact, Petitioner's benefits he was awarded in 1973 were never awarded to Petitioner, Donald Richard Karr, Jr. because Donald Lee Karr, has been impersonating Petitioner since 1973. Petitioner has had his 1973 award of his 100% Service Connected Disability Benefits, GI BILL Educational and Title 34 Education Benefits and Petitioner's TRICARE Insurance stolen from Petitioner by Veterans Affair, and its staff, the Respondents, and each of them, on or about September 1973. Petitioner returned his first two (2) GI BILL checks (because they came to early in 1973 and his

school did not start until 1974; Petitioner had to take Student Loans out to pay for his education because Veterans Affair refused to pay him his GI BILL Education Benefits or any subsequent Chapter 34 Education Benefits) to the Los Angeles area Veterans Affair which were assigned in 1973, that have been positioned by Veterans Affair so Donald Lee Karr, can impersonate Petitioner to the date of filing of this Petition. Veterans Affair still shows the Petitioner, Donald Richard Karr, Jr., in the Veterans Affair Computer as Donald R. Karr, Jr., yet Petitioner does not receive his 100% Service Connected Disability benefits to the filing date of this Petition, regardless of the fact that Petitioner has two (2) sides of his profile with 100% Service Connected Disabled side in the Veterans Affair Computer. Petitioner is entitled to an Immediate Motion for Sanctions for the Sanction payment to the Petitioner of Seven Million Dollars ($7,000,000) lump sum payment for illegal copay charges since Petitioner since approximately 2005 plus Seventy Million Dollars ($70,000,000) punitive damages for the illegal copay charges when in fact Petitioner was 100% Service Connected Disabled Veteran since 1973 in the 55 year Protected Status at Veterans Affair and four million dollars ($4,000,000) for the stolen educational benefits and stolen GI Bill Benefits as damages, including additional $40,000,000 punitive damages for educational benefits and stolen GI Bill Benefits, refusal of payment of Petitioner's Education Benefits since 1973, plus Petitioner's daughter Andrea Karr Five Hundred Thousand Dollars ($500,000) and educational benefits and stolen GI Bill Benefits, for Petitioner's daughter punitive damages of five million dollars ($5,000,000). Petitioner started his 1973 application for benefits at Veterans Affair, that was including Veterans Affair and TRICARE Insurance failure to pay for Petitioner's since 1973 and currently refusing insurance for Petitioner when he is the Sponsor, Eleven Million Dollars ($11,000,000) lump sum payment specifically for the purpose to continue their embezzlement of payments of Petitioner's TRICARE Insurance and Medicaid Insurance that are in fact Petitioner's insurance benefits Petitioner to receive punitive damages for said stolen insurance benefits in the amount of Five Hundred Million Dollars ($500,000,000) from Veterans Affair and the Respondents. The intentional refusal to pay Petitioner his monthly benefits since 1973 but instead paying to Donald Lee Karr illegally. Petitioner should be paid Nine Million Dollars ($9,000,000) lump sum payment if Petitioner is not brought current with in forty-five (45) days of service of Respondents of this Petition and Petitioner should receive Nine Hundred Million Dollars ($900,000,000) Punitive Damages for refusal of Veterans Affair and the Respondents to bring his 100% Service Connected Disability Benefits and the additional 30% Service Connected Disability Benefits payments since June 26th 2015 award now unpaid by Veterans Affair since February 1968.

All the Respondents for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) so that Petitioner has had to use his Medicare Insurance in order to pay his doctors, test ordered by doctors and payments for medications and paying the copay costs to MEDICARE. The failure of payments from Veterans Affair for 'their fifty (50) years of prejudice of Petitioner and delaying the Veterans Affair payments of Petitioner, DONALD RICHARD KARR JR., 100% Service Connected Disability benefits'!

Veterans Affair payment to also compensate Petitioner's mother and family for Petitioner's father next of kin benefits, because Petitioner's mother received no NEXT OF KIN benefits for his father, Donald Richard Karr, Sr., who died on July 29th 1985 from Cancer, because Petitioner's mother was only given $250 to bury Petitioner's father Donald Richard Karr, Sr. and no next of kin benefits. Petitioner's mother and family were never given Donald Richard Karr, Sr. next of kin benefits since his father's death from cancer in 1985. She should get a Sanction payment from Veterans Affair of Seven Million Dollars ($7,000,000) lump sum payment. It appears that the Veterans Affair Employee Donald Ray Karr also known as Donald R. Karr, took Petitioner's father's 'next of kin benefits' in 1985; regardless of any and all of Petitioner's damages and back payments owed to the Petitioner that Veterans Affair has refused to pay Petitioner since 1973 to the date of filing this Petition. Payments never paid for fifty (50) years of Obstruction of Justice in the Criminal Enterprises within Veterans Affair money laundering with Veterans Affair Employees and agents.

Petitioner's application of March 19th 2012 resulted in a fraudulent award that Marie L. Weldon Director of San Antonio Veterans Affair, that she determined herself as a specific 'false writing and fraudulent rating' that was the award on or about November 4th 2013 which she gave Petitioner 30% Service Connected Disability, when Petitioner

was in fact already, since 1973, 100% Service Connected Disabled Veteran and in 2003 Petitioner's benefits were in the Protected Status with the 55 year rule at Veterans Affair. This undisputed fact established none of Ratings given Petitioner are not legal; They establish the Money Laundering and Identity Theft of Petitioner's Benefits. The June 2015 Rating Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating and award, but Veterans Affair did not upgrade or pay Petitioner for this award now in the Veterans Affair 55 year Protected Status. The ratings except type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating in June 2015, given Petitioner since March 2012 are legal because of the 55 year rule at Veterans Affair! The Petitioner is 130% Service Connected Disabled that the 100% Service Connected Disabled Veteran Status since 1973. Petitioner's Award of his 100% Service Connected Disabled Veteran Status was given to Donald Lee Karr in a fifty (50) year Continuing Criminal Enterprise (CCE).

In 1946 Congress created the GI Bill Education Benefits for Veterans, but the conspiracy of former Veterans Affair Employee Donald Ray Karr, also known as Donald R. Karr, now dead, and his son Donald Lee Karr and his son Donald Ray Karr that Donald Lee Karr, Continuing Criminal Enterprise (CCE) has been for approximately fifty (50) years **Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106, since** on or about September 1973, when Petitioner returned his first two (2) GI BILL checks to Veterans Affair, because they came to early in September 1973 and his school did not start until 1974, has been not only the 'Crime of the Century' but clear start of Veterans Affair Organized Crime Groups and their money laundering and identity theft of Veterans Benefits in their Continuing Criminal Enterprise (CCE).

This is an undisputed fact Petitioner is 100% Service Connected Disabled with the proof clearly established by the TRICARE Insurance shown in Exhibit I attached hereto. Dr. Teena Black PhD, CRC, Vocational Rehabilitation & Employment US Department of Veterans Affair in Petitioner's letter of September 23rd 2015 refused Petitioner's request for schooling benefits because as Marie L. Weldon Director of San Antonio Veterans Affair put it in phone message to Petitioner she was not going to put Petitioner in business. Petitioner has never been given his GI BILL or any other Educational benefits from Veterans Affair, because Donald Lee Karr and his son Donald Ray Karr have been given Petitioner's GI BILL and Educational Benefits that have used so both of them could go to school at UCLA in their Continuing Criminal Enterprise (CCE).

Petitioner Donald Richard Karr, Jr., alleges that he has had his 1973 award of his 100% Service Connected Disability Benefits, GI BILL Educational stolen from Petitioner by Veterans Affair, and its staff, the Respondents, and each of them, on or about September 1973, when Petitioner returned his first two (2) GI BILL checks (because they came to early in 1973 and his school did not start until 1974), Petitioner had to take Student Loans out to pay for his education because Veterans Affair refused to pay Petitioner his GI BILL Education Benefits or any subsequent Chapter 34 Education Benefits) at the Los Angeles area Veterans Affair and received no benefits from Veterans Affair until he had surgery in Reno Nevada Veterans Affair when he was in Reno in 2004.

The medications that Dr. Arturo R. Llanos had the Pharmacy at Kerrville Veterans Affair gave Petitioner on October 23rd 2013 for the sole purpose to kill the Petitioner. The false and fraudulent award for the TOKEN 30% Service Connected Disability was setup because Veterans Affair intended to kill Petitioner, for Petitioner's 100% Service-Connected Disabled Veteran benefits since 1973 that were given to Donald Lee Karr in 1973. Veterans Affair, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, and his son Donald Lee Karr **Impersonating Petitioner as a Solider violating 18 U.S.C. §  906 Art 106** to obtain Petitioner's 100% Service Connected Disability, his GI Bill Benefits from 1973-1976, by impersonating Petitioner as a Solider, **18 U.S.C. §  906 Art 106,** when Petitioner, Donald Richard Karr, Jr., was an active military member, made it possible for him to go to UCLA to obtain a BA degree in 1974 and graduate from UCLA Law School in 1976 (that currently costs approximately $60,000 per semester with student loan, without payment of these costs with the GI Bill Educational Benefits that were Petitioner stolen benefits) in 1977 utilizing Petitioner's Chapter 34 educational benefits, during the period from 1973 to 1976, including giving his son Donald Ray Karr (that it is represented at Veterans Affair as born September 21st 1985) and his wife Caroline A. (Macioszek) Karr that live at 3732 Nimble Circle, Huntington Beach, California 92649, which Donald Lee Karr has used the Petitioner's benefits for Donald Ray Karr, his son,  who is represented in the Veterans Affair Computer with a September 21st 1985 birthday (Petitioner's daughter's birthday also September but born in September 1974) to go to UCLA [currently costs approximately $60,000 per semester with student loan, without payment of taxes on the stolen eight years for Donald Lee Karr and his son Donald Ray Karr in an estimated costs to the US Government in excess of one million ($1,000,000) dollars with these costs with the GI Bill Educational Benefits that were Petitioner stolen benefits] for a degree in Accounting.

This conspiracy of Donald Lee Karr and his son Donald Ray Karr that Donald Lee Karr, **Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106,** on or about September 1973, when Petitioner returned his first two (2) GI BILL checks, because they came to early in September 1973 and his school did not start until 1974, as their Continuing Criminal Enterprise (CCE) that as an undisputed fact, **violations and Racketeering Activities under the RICO Act,** specifically for the purpose to continue their embezzlement of payments of Petitioner benefits for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. **RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973** and again the reason Petitioner's 100% Service Connected Benefits [and should also include 100% non service connected benefits because of their Continuing Criminal Enterprise (CCE)] are now in the Veterans Affair 55 year Protected Status with 100% Service Connected Disabled Status since 1973.

Petitioner has been given no increase in his benefits since November 2013 when his 100% Service-Connected disabled classification and benefits were not given to Petitioner but stolen by David J. Caudill and Marie L. Weldon in their Continuing Criminal Enterprise (CCE)! Petitioner's Doctors have since 1973 established Petitioner's 100% Service-Connected disabled classification and benefits that were not given to Petitioner in Veterans Affair, including San Antonio Veterans Affair on or about November 2011 but were stolen by David J. Caudill and Marie L. Weldon instead of giving Petitioner his 100% Service Connected Disability Benefits in November 2011, when David J. Caudill and Marie Weldon took payment from the Veterans Affair Computer of Petitioner's 100% Service Connected Benefits that Petitioner had received in Reno in the Veterans Affair 55 year Protected Status with 100% Service Connected Disabled Status since 1973, that is now the Petitioner's reason for the filing of this Petition and Case with the Court that clearly demonstrates Veterans Affair fifty (50) years of 'Obstruction of Justice' that started on or about September 1973.

I.

## DISCOVERY CONTROL PLAN

Petitioner intends to conduct discovery pursuant to the Rules of the United States District Court for the Fifth Circuit Court Division.

II.

## THE PARTIES

A.    Petitioner and Plaintiff (once loss of benefits are determined by the Court then this matter may be heard as a Complex Litigation Complaint Federal Rules 4, 9, 16 and 38 with Plaintiff's request for a Jury Trial 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'), Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider.

B.    Respondents and Defendants: President Joseph R. Biden Jr., United States of America, Department of Veterans Affair, Denis Mc Donogh, Secretary, Dr. Michael Abrahams MD CDA PACT TEAM 1, Kathy Malin Regional Director in Boise Idaho Union AFGE (AFOL-CIO) membership, Donald R. Karr, Navy Veteran and Union Veteran Affair Union AFGE (AFOL-CIO) membership Employee, his son Donald Lee Karr, Jean Susan Karr Donald Lee Karr's mother, and his son Donald Ray Karr, E. Leonard Fructher, Dr. Rebecca Meier MD, Chief of Staff of Spokane Veterans Affair, Cody Union AFGE (AFOL-CIO) membership in the Pharmacy at Spokane Veterans Affair, Michael J. Cox Union AFGE (AFOL-CIO) membership who refused payment of Petitioner's eye services to North Idaho Eye Institute who turned Petitioner over to Chapman Financial Services and MST Financial Solutions LLC that is slandering and cheating defamation of charater of Petitioner, Mike Olsen Union AFGE (AFOL-CIO) membership, the Podiatry Tech, Mario Alcorta, Paul Gregory Union AFGE (AFOL-CIO) membership Pharmacy employee of VA Medical Center Kerrville Pharmacy, Dr. Arturo R. Llanos MD Gold Team, Victor H. Aquire, Union AFGE (AFOL-CIO) membership Clerk, Juanita Lenzo Union AFGE (AFOL-CIO)

membership, who is an RN, Gold Team members and employees of Veterans Affair, Marie L. Weldon Union AFGE (AFOL-CIO) membership, former Fachie Director of Department of Veterans Affairs Medical Center San Antonio (hereinafter referred to as "DIRECTOR") and now the Los Angeles Veterans Affair Regional Manager, Emile Dufrene Union AFGE (AFOL-CIO) membership, Veterans Service Center Manager, Houston, Texas; Navy Veterans Amber Anderson Union AFGE (AFOL-CIO) membership, Sarah A. Martin Union AFGE (AFOL-CIO) membership, Army Reserve Military Police Master Sergeant, Paul Hacker Union AFGE (AFOL-CIO) membership, Nurse Practitioner, of Veterans Affair in Spokane, Washington, CBOC Coeur d' Alene employees including the Captain of their VA Police Union AFGE (AFOL-CIO) membership, plus four clerks Union AFGE (AFOL-CIO) membership that refuse to change or correct Petitioner's Profile at CBOC in Coeur d'Alene Veterans Affair Clinic, Tami Sele, Goodwill Industries, Falls Creek By Vintage LP and FPI Management (for their failed project that should be condemned because of exterior drywall not acceptable structural siding on building) and many other 'construction defects' within the buildings known as Falls Creek Apartments with fraudulent Affordable Housing Entitlements including failing to notify Petitioner December 24th 2018 their was mold in the apartments, when in fact the Petitioner is allergic to mold and this is in Petitioner's medical profile at Veterans Affair, Caylin Lopes Manager Falls Creek Apartments, Celeste McGilen Regional Portfillo Manager, Doe One current Construction Manager of construction at Falls Creek, Western Construction & Roofing RCE #58695, Leading Construction LLC (907) 521-6014, Joel Sacconanno, Eric Swanbeck and Bob Daugherty of St, Vincent De Paul's homeless facility at 1620 East Sherman, Coeur d' Alene; Idaho 83814, plus State of Idaho and its representatives and Kootenai County Veterans Services Office Darryl Heisey, Scott A. Thorsness, Tom Freeman and Charles Nugent; Wayne Clair Johnson of Lake City Shoes, North Idaho Eye Institute, Chapman Financial Services and MST Financial Solutions LLC in Idaho and in Washington, TRICARE Insurance, Mary Stilen, University of California Los Angeles (for the specific purpose of revoke the college degrees that were given to Donald Lee Karr and Donald Ray Karr (now dead on or about December 8th 2014) from money they paid and stolen from the GI Bill of Petitioner and that they did not disclose was stolen and that they had not pay taxes, estimated at approximately one million dollars an undisputed fact, violations and Racketeering Activities under the RICO Act, specifically for the purpose to continue their embezzlement of payments of Petitioner benefits for their fifty (50) years of money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the

level of Racketeering Activities under the RICO Act.) Respondents and each of them, and Does 1 thru 1,500 Does. The Petitioner asks the Court, this 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER', Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner [1973 VA Application no. C XXXX6558) and RA XXXX7616] Regular Army Solider, asks that the court to recommend to the US Attorney Office Prosecution of these Rico Act violations for the Respondents, and each of them, in money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) in five (5) decades, plus they have stopped and blocked all attempts for Petitioner to obtain his GI Bill Educational Benefits or any Educational Benefits under Chapter 34 and redirected Petitioner's TRICARE Insurance in said conspiracy to ignore every effort to be transparent, follow the Rule of Law, producing false documents and false writings of Petitioner's ratings and status as a 100% Service Connected Disable Veteran since 1973, in these actions by Veterans Affair, and the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice to Murder Petitioner, Veterans Affair, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, and his son Donald Lee Karr, was not in the Military and did not have any military benefits, Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106. Respondents, and each of them, entered into a conspiracy with the Veterans Affair Employees that began in 1973, in a Continuing Criminal Enterprise (CCE).

### III

### JURISDICTION AND VENUE

A. Jurisdiction. The Court has jurisdiction over the parties, the subject matter of

the controversy, and the amount in controversy in this Case with the past fifty (50) years of Organized Crime at Veterans Affair, that is subject of this Petition, with complete absence of any Rule of Law rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands for fifty (50) years. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are not protected by the WESTFALL Act of 1988 28 U.S.C. Section 2679. The Respondents, and each of them, have entered into a Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. § § 1961 (5), 1962 (d), Petitioner now alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth herein. Substance prevails over form.

**Jurisdiction** This honorable Court on the matters contained in this **CERTIORARI WRIT 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'** and has original jurisdiction pursuant to the **RICO Act remedies at 18 U.S.C. § 1964, and the holdings of the U.S. Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit in <u>Lou vs. Beivberg,</u> 834 F. 2d 730 hn. 4 (9th Cir. 1987) and violating Petitioner's Civil Rights 18 U.S.C. § 241, plus their violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3).** Veterans Affairs continues to the date of filing this Petition to ignore every effort to be transparent, follow the Rule of Law, producing false documents and false writings of Petitioner's ratings and status as a 100% Service Connected Disable Veteran since 1973.

**B. Venue.** The venue in this case is proper in the District of Texas the Fifth Circuit Court Division. VETERANS AFFAIRS DUTY OF GOOD FAITH AND FAIR DEALING DOES NOT EXIST AT VETERANS AFFAIR! AS A STRICTLY MINISTERIAL DUTY OF CARE IS DEMONSTRATED THAT VETERANS AFFAIRS HAS

DEMONSTRATED GROSS NEGLIGENCE EQUATING TO FRAUD, PREJUDICE OF PETITIONER with imputed and gross negligence equating to FALSE WRITINGS, FRAUD AND FALSE STATEMENTS.

## IV.

## FACTUAL BACKGROUND

### A.    Introduction

The Respondents, and each of them, have for fifty (50) years committed **Undisputed Acts of TREASON, 18 U.S.C. §§ 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner, to KILL him, to take Petitioner's Profile to give to Donald Lee Karr. Said Racketeering Activities Criminal RICO Acts, by the Respondents, and each of them, continue to the date of filing this Petition violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law, plus Veterans Affair violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) since 1973 by the Organized Crime Group(s) at Veterans Affair.** Veterans Affairs, the Respondents, and each of them, continue to the date of filing this Petition to ignore every effort to be transparent, follow the Rule of Law, by the continued production of false documents and false writings of Petitioner's ratings and status as a 100% Service Connected Disable Veteran since 1973, with VETERANS AFFAIRS DUTY OF GOOD FAITH AND FAIR DEALING! AS A STRICTLY MINISTERIAL DUTY OF CARE VETERANS AFFAIRS HAS DEMONSTRATED GROSS NEGLIGENCE EQUATING TO FRAUD; with imputed and gross negligence equating to FALSE WRITINGS, FRAUD AND FALSE STATEMENTS attached as Exhibit IV, **under 18 U.S.C. § 1001** and violations by Veterans Affair Management, and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are **not protected by the WESTFALL Act of 1988 28 U.S.C. Section 2679** shown in the attached Exhibit III' herein.

Petitioner's Chronic Bronchitis #6600 that is Petitioner's Primary Disability, Asthma #6602 Petitioner's Secondary Disability, and that has now progressed to Emphysema #6603 and COPD #6604 disease conditions are verified by his Veterans Affairs doctors in 2004 and 2005 in Reno Veterans Affairs when Petitioner had surgery, Choice Doctors, the specific reason that Petitioner was awarded his 100% Service-Connected Disabled Veteran benefits when Petitioner made his second application CXXXX6558 in RENO Veterans Affair, when Petitioner had emergency gallbladder surgery!

Petitioner, Donald Richard Karr, Jr. has Chronic Bronchitis #6600 (which has been his 60% service connected disabled condition) that is part of his childhood disease exacerbated by military service, because Petitioner has small and large bronchial tubes, that is the reason Petitioner spent his sixth week of Basic Training in hospital in February 1968.

Petitioner's allergy condition trigger of cottonwood trees, mold and cedar allergies causing the Petitioner, DONALD RICHARD KARR, JR. CXXXX6558 allergic reactions for his Chronic Bronchitis #6600 condition because Petitioner has small and large bronchial tubes, Petitioner's Asthma #6602 is his secondary disability condition that is 30% Service Connected Disabled Condition disability may also send him to the hospital because of his allergies. Petitioner's Emphysema #6603 disease condition and COPD #6604 disease conditions are conditions which has caused the progression of his diseases now in the filing of the Petition.

The Emphysema #6603 disease condition and COPD #6604 disease conditions are shown in Methodist Boerne Emergency Room notes by three (3) Texas Board Certified ER Doctors [(1) Becky Doran MD (November 10, 2013 visit to ER); (2) Liza Chopra MD (November 27, 2013 visit to ER); and (3) Craig Gerstenkom MD (December 31, 2013 visit to ER)] and also established by the COPD #6604 test of W. John Ryan MD Texas Board Certified Internal Medicine, test January 10th 2014, again establishes Petitioner's 100% Service-Connected Disabled conditions in 2013 and 2014 with all of these conditions and tests that are in the Veterans Affair Computer that have been forwarded to Veterans Affair since 1973. Petitioner's allergies noted in Veterans Affair Doctors notes in 2004 and 2005, 2013 and 2014 that make the Veterans Affair award on or about November 4th 2013 a 'false writing and fraudulent award' as an undisputed fact, the third test ordered in August 2013 would have established the Petitioner was 100% Service Connected

Disabled, but Marie L. Weldon, Director at Veterans Affair in San Antonio, Texas, canceled the third Test to produce a 'false finding and false writing' of Petitioner Donald Richard Karr, Jr. test for his 100% Service Connected Disability status. Veterans Affair care for Petitioner's 100% Service Connected Disability Diseases for his Chronic Bronchitis #6600 condition, because Petitioner has small and large bronchial tubes, Petitioner's Asthma #6602 disability may also send him to the hospital because of his allergies. Petitioner's Emphysema #6603 disease condition and COPD #6604 disease conditions are conditions which the progression of Petitioner's diseases that have now become COPD #6604 which Veterans Affair refuses Petitioner treatment as a 100% Service Connected Disabled Veteran.

It is an undisputed fact that, DONALD LEE KARR did not serve in the military, when in fact Donald Richard Karr Jr., Petitioner served in the US Army and has provided Veterans Affair his DD 214 and has proved medical proof from doctors at Veterans Affair, plus four (4) Board Certified Doctors in 2013 and 2014, plus many Private and Veterans Affair doctors subsequent to Petitioner checking into San Antonio Veterans Affair in November 2011 of his disability conditions and medical status, as a veteran, to establish Petitioner is the veteran that the military benefits belong to which again are noted as Donald R. Karr, Jr. on Petitioner's TRICARE Insurance billing dated May 13th 2022, that is an undisputed fact that it is Petitioner's TRICARE Insurance in said bill from TRICARE Insurance shown in Exhibit I.

Veterans Affair has presented 'false writings and false findings', that are as an undisputed fact, treating Donald Richard Karr Jr., Petitioner, with prejudice for approximately fifty (50) years so that Veterans Affair can continue to pay since on or about September 1973 to Donald Lee Karr, not in fact a Veteran or a Vietnam Veteran so that the **Respondents, and each of them, entered into a conspiracy with the Veterans Affair Employees that began in 1973, in a Continuing Criminal Enterprise (CCE)**.

Veterans Affair, the Respondents, and each of them, have caused Petitioner's damages that resulted in loss income and livelihood, unable to work in his profession without education benefits to get re licensed as a General Engineering (A)  Contractor and General Building (B) Contractor and the loss of profits as a land designer, planner and developer. Veterans Affair refusal of Chapter 34 Education benefits to Donald Richard Karr Jr., Petitioner, when in fact it is undisputed that Petitioner's Educational Benefits

have been given by Veterans Affair, paid and redirected to Donald Lee Karr not Petitioner since on or about September 1973.

The fact that Petitioner's Education benefits have been stolen means nothing the idiots at Veterans Affair because they want Petitioner to work at McDonalds or Jack in the Box, because all of Petitioner's education benefits have been paid and redirected to Donald Lee Karr, not a Veteran, Petitioner since on or September 1973 that in fact establishes Veterans Affair Elder Abuse of Petitioner refuses his benefits that have been given to Donald Lee Karr. The Veterans Affair Management, the Union Veterans Affair Employees, libel, slander and defamation of Donald Richard Karr Jr., Petitioner. Petitioner's Civil Rights, Defamation of Donald Richard Karr Jr., Petitioner character, Slander of Donald Richard Karr Jr., Petitioner and Slander Of Petitioner's personal credit plus other damages for failure of Veterans Affair to pay medical payments or to make an effort to be fair and equitable with Petitioner, when in fact all said payments are owed by Veterans Affair is meaningless with Organized Crimes against Petitioner and their RICO Act predicated crimes they have committed against the Petitioner for fifty (50) years that the **Respondents, and each of them, entered into a conspiracy with the Veterans Affair Employees that began in 1973, in a Continuing Criminal Enterprise (CCE).**

The greed of the Respondents, and each of them, to think that the Petitioner should work at McDonalds or Jack in the Box, when Petitioner has a Profession. If Veterans Affair in San Antonio had helped Petitioner in 2011 when he came to Veterans Affair for help, when in fact he is a 100% Service Connected Disabled Veteran, when he came as a Homeless Veteran for help in San Antonio at Veterans Affair, Marie L. Weldon threw Donald Richard Karr Jr., Petitioner on the Street to survive. Petitioner had to go at night to the Hospital, not Veterans Affair of course, to sleep on the toilet in the bathroom, sneaking out in the morning to go to a hotel for free breakfast and lunch at the San Antonio Catholic house for food with no payment of Donald Richard Karr Jr., Petitioner 100% Service Connected Disability Benefits that had been paid and redirected to Donald Lee Karr not Petitioner since on or September 1973, not a Veteran and not HOMELESS in San Antonio. In November 2011 Veterans Affair refused Petitioner his 1973 award of 100% Service Connected Disability Benefits, GI BILL Educational and Education Benefits and Petitioner's TRICARE Insurance. This Continuing Criminal Enterprise (CCE) has been done to Petitioner for almost twelve (12) years that Petitioner has been homeless off and on trying to get his 1973 100% Service Connected Disability benefits that have been

stolen by Donald Lee Karr, the Respondents, and each of them, iin their Continuing Criminal Enterprise (CCE) that these specific Veterans Affair Workers and Union Membership, should be taken to **GITMO** for their trial to determine if they get a Life Sentence for what they have done to Veterans where Respondents can die and be buried in the PRISON yard, so they can never return to the United States and their citizenship revoked for their intentional and illegal acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner.

On or about October 23rd 2013 Petitioner received his Toxic Mixture of Medications from Dr. Arturo R. Llanos MD who was in Walmart in Kerrville, Texas a few days later, after he gave Petitioner the overdose of this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, that the Petitioner was told to take every four (4) hours, with the specific oral instructions given to Petitioner by Dr. Arturo R. Llanos MD GOLD TEAM. Dr. Arturo R. Llanos MD with his son at Walmart in Kerrville Texas and when Texas Dr. Arturo R. Llanos MD saw Petitioner he looked as if he had just seen a ghost! Dr. Arturo R. Llanos MD GOLD TEAM Veterans Affair doctor saw Petitioner and departed with his son from Walmart immediately without buying anything.

In December 2014 Dr. Arturo R. Llanos MD and Marie L. Weldon conspired and killed Carlos Cortez by overdose, another Vietnam Veteran 82nd AIRBORNE. It was Carlos Cortez final wish to be buried at Ft. Sam in San Antonio. Marie L. Weldon blocked this from happening for six (6) weeks, while Carlos Cortez body laid in a card board box at the Funeral Home, until a three star general stepped in so he could be buried. Carlos had to be cremated because of Marie L. Weldon made it so his body could not viewed in a casket. It was said in San Antonio and Kerrville, Texas that Marie L. Weldon was responsible for over three hundred (300) deaths of veterans as the Director of Veterans Affair supervising both the Kerrville and the San Antonio Veterans Affair. Marie L. Weldon came up on to Petitioner's porch where he lived in Kerrville without a bra or invitation! Marie L. Weldon Continuing Criminal Enterprise (CCE) obtained the nick name at Veterans Affair of Crazy Bitch by the veterans who worked at the Kerrville Veterans Affair.

The Court may act for example **pursuant to 28 U.S.C.A. § 1651 (a)** provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law". In this case at bar **In Re: Quigley, 1 Vet.**

App. 1 (1990) (Quoting from In the Matter of the Fee Agreement of Smith, 4 Vet. App. 487.,500 (1993) would respectfully show the Court that in **approximately fifty (50) years of Organized Crime at Veterans Affair, that began on or about September 1973, when Donald Lee Karr, Veterans Affair, the Respondents, their employees and agents, for their own unjust enrichment have embezzlement the 1973 Petitioner's award of his 100% Service-Connected Disability Benefits, Donald Richard Karr Jr., Petitioner GI Bill Education Benefits and his TRICARE Insurance, through money laundering and identity theft, for over fifty (50) years six hundred sixty-one (661) months, through February 2023 since February 1968 when** Donald Richard Karr Jr., Petitioner was in the Hospital at Ft Ord. The Respondents, and each of them, have stolen over fifty-five (55) years of Petitioner's benefits through February 2023. Petitioner, DONALD RICHARD KARR JR, award of his 100% Service Connected Disability Benefits Award, that Petitioner received in 1973, as an undisputed fact, stolen when Donald Richard Karr Jr., Petitioner was an active Military reservist in 1973 in the 426th Civil Affair (Airborne) Battalion, 426th Civil Affair Military Government Company.

At various times and places partially enumerated in Petitioner's documentary material, all Respondents, Veterans Affair, and its staff, Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, and his son Donald Lee Karr, **Impersonating Petitioner as Solider violating 18 U.S.C. § 906 Art 106, Racketeering Activities under the RICO Act,** specifically for the purpose to continue their embezzlement of payments of Petitioner benefits for their money laundering and identity theft violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. **RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973** and again the reason Petitioner's Benefits are now in the Veterans Affair 55 year Protected Status at 100% Service Connected Disabled Status since 1973, did conspire to acquire and maintain an interest in a RICO enterprise that the Respondents, and each of them, have in the past fifty (50) years engaged in a pattern of racketeering activity, in **violation of 18 U.S.C. § § 1962 (b) and (d).** At various times and places partially enumerated in Petitioner's documentary material, all Respondents did conspire to acquire and maintain an interest in a **RICO Enterprise engaged in a pattern**

of racketeering activity, in violation of 18 U.S.C. § § 1961 (4), (5) and (9).

During the forty (40) calendar years preceding November 4th 2013 A.D., all Respondents did cooperate jointly and severally in the commission of two (2) or more of the predicated acts that are itemized at **18 U.S.C. § 1961 (1)(A) and (B), in violation of 18 U.S.C. § 1962 (d).**

Petitioner further alleges that all Respondents did commit two (2) or more of the offenses itemized above in a matter which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in **violation of 18 U.S.C. § 1962 (d) (Prohibited activities supra).**

Petitioner's Original Petition for Writ of Mandamus 'Case of First Impression with Special Circumstance Including Multiple Attempts to Murder Petitioner', including by overdose by Veterans Affair Doctor Arturo Llanos MD. **Petitioner, Donald Richard Karr Jr.,** has been the victim of Veterans Affair [Intentional Medical Malpractice for the purpose of Murdering Petitioner that spent three (3) trips to the Emergency Room to keep from dying] Obstruction of Justice with the Respondents, and each of them, for approximately fifty (50) years, the **Respondents, and each of them, entered into a conspiracy with the Veterans Affair Employees that began in 1973, in a Continuing Criminal Enterprise (CCE)** have Stolen Petitioner's 100% Service Connected Disabled Veterans Benefits since 1973.

Petitioner spent three (3) trips to the ER at Methodist Hospital Trauma Level Four Hospital in November 2013 and December 2013, to keep from dying from Dr. Arturo R. Llanos MD overdose of medications that Donald Richard Karr Jr., Petitioner was told to take this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, every four (4) hours, with the specific oral instructions given to Petitioner of a medication that is a twelve (12) hour medication, that are **Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes** Against Petitioner to KILL him, to take his 100% Service Connected Veterans Affair Profile and benefits as a Veterans Affair Whistle Blower since 2013, that is Obstruction of Justice in their Continuing Criminal Enterprise (CCE), within Veterans Affair with its Employees and agents KILLING VETERANS FOR THEIR BENEFITS and Next of Kin Benefits in the Veterans Affair and its Veterans Affair Union's **Continuing Criminal Enterprise (CCE), in their** Money laundering and identity theft Racketeering operation.

**B.    Factual Circumstances.** Donald Richard Karr Jr., Petitioner original 1973 award for his 100% Service Connected Disability Benefits, as part of his primary service connected disability for his Chronic Bronchitis #6600 with 60% Service Connected Disabled since 1973. Petitioner's secondary service connected disability is Asthma #6602 which is 30% Service Connected Disabled since 1973. The final service connected disabilities of Petitioner include mold and cedar allergies, cotton wood trees, poison oak, etc (that would be rated as a minimum of 10% Service Connected Disability), for the total of 100% Service Connected Disability Benefits for Petitioner since 1973. Petitioner's mold and cedar allergies also discovered in February 1968 were caused from the barracks at Fort Ord, in basic training in February 1968. These Chronic Bronchitis #6600 (60% Service Connected Disabled), Asthma #6602 (30% Service Connected Disabled), plus the mold and cedar allergies (minimum 10% Service Connected Disabled) are Donald Richard Karr Jr., Petitioner's total 100% service connected disabilities since 1968 that where the reasons Petitioner spent his sixth week of basic training in the hospital. Asthma does not cause you to go to the hospital for week. Petitioner's Chronic Bronchitis #6600, will when combining Chronic Bronchitis #6600 with mold and cedar allergies, will cause Donald Richard Karr Jr., Petitioner to stay in the hospital for a week. The mold and cedar allergies with Petitioner having small and large bronchial tubes caused Petitioner's Chronic Bronchitis #6600, that has now developed into COPD #6604, which Petitioner uses Anoro Ellipta. In June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating but Veterans Affair refused Petitioner any upgrade from the TOKEN 30% Service Connected Disability rating since 1973, because Donald Richard Karr Jr., Petitioner's Profile at Veterans Affair has two (2) sides and Petitioner will never be upgraded because Veterans Affair, the Respondents and each of them, are violating Petitioner's Civil Rights. **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** that has had his 1973 award of his 100% Service Connected Disability Benefits, GI BILL Educational Benefits and TRICARE Insurance stolen from Petitioner by Donald Lee Karr, Veterans Affair and its staff, the Respondents, and each of them, **in a Continuing Criminal Enterprise (CCE) that began** on or about September 1973.

Petitioner can not get his diabetic shoes from Veterans Affair because Veterans Affair Employees are stealing Donald Richard Karr Jr., Petitioner's shoes rather than issuing his shoes to him. Veterans Affair and Veterans Affair Union have continued with this

Organized Crime Groups **in a Continuing Criminal Enterprise (CCE)** at Veterans Affair since 1973, so Petitioner has not received his shoes from Veterans Affair since 2015, when Mike Olsen, a Veterans Affair Union Representative, blocked Petitioner from receiving any additional shoes from Veterans Affair. Veterans Affair as an undisputed fact, owes Petitioner his two (2) pair of Veterans Affair shoes, inserts, and six (6) pairs of diabetic socks with each pair of shoes, with each pair of shoes since 2015 attached as Exhibit II. Spokane Veterans Affair has made no effort to help Petitioner obtain his shoes that are issued by Veterans Affai.

Now, since relocating to Coeur d' Alene, Idaho in 2016, because of Mike Olsen, a Veterans Affair Union Representative, blocked Petitioner from receiving any additional shoes from Veterans Affair in 2015. Petitioner can not get the correct size diabetic shoes, from Medicare because Veterans Affair's vendor Wayne Clair Johnson, who has not given Petitioner his Veterans Affair shoes because he has stolen Petitioner's shoes. Veterans Affair has not sanctioned (or had Wayne Clair Johnson arrested for stealing the shoes from Petitioner). Wayne Clair Johnson's RICO Act violations, Racketeering operation and his refusal to replace said shoes for Petitioner should have been taken care of as a Veterans Affair problem but no one contacted Petitioner. Veterans Affair's vendor Wayne Clair Johnson refused to order Petitioner's correct size shoes based upon the fact Donald Richard Karr Jr., Petitioner has never been measured for his shoes for Petitioner to obtain his actual shoe size! The Petitioner's shoe size is based upon the needs of a third party person that Veterans Affair's vendor Wayne Clair Johnson is ordering Petitioner's Veterans Affair shoes for. Veterans Affair's vendor Wayne Clair Johnson ordered Petitioner's shoes, that were paid for that Veterans Affair in Spokane, who paid in 2020 and 2021 for Veterans Affair shoes for one of Wayne Clair Johnson's other customers.

These are in fact violations of Veterans Affair's vendor Wayne Clair Johnson of 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) by the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands and illegal actions of Wayne Clair Johnson, doing business as Lake City Shoe Repair, representing Veterans Affair **in a**

**Continuing Criminal Enterprise (CCE)**, ordered and received payment from Veterans Affair and MEDICARE for Petitioner for two (2) pair of MEDICARE shoes, four (4) pairs of Veterans Affair diabetic shoes for Petitioner that were not the correct size shoes to fit Petitioner paid for by Veterans Affair. The correct size shoes for Petitioner is 11 1/2 EEE. The wrong size shoes from Veterans Affair and Petitioner did not get his Veterans Affair Diabetic Shoes from Wayne Clair Johnson, doing business as Lake City Shoe Repair. Wayne Clair Johnson, doing business as Lake City Shoe Repair, ordered Petitioner four (4) pair of Veterans Affair Shoes and two (2) Medicare shoes for a total of six (6) pairs of shoes for 2020 and 2021 that did not fit Petitioner.

Wayne Clair Johnson, doing business as Lake City Shoe Repair resold the Veterans Affair shoes to another customer violating Petitioner's **Civil Rights 18 U.S.C. § 241 and 18 U.S.C. § 242, RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government)** as the Organized Crime Groups that began with Donald Ray Karr also known as Donald R. Karr, Veterans Affair Union Employee in 1973, that began this Money Laundering and Identity Theft since 1973, rising to the level of Racketeering Activities **under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** Wayne Clair Johnson, doing business as Lake City Shoe Repair conspiracy with Veterans Affair, the Respondents, and each of them which has done nothing so that Petitioner has been given his diabetic shoes since 2015 or the stolen shoes in 2020 and 2021 by Wayne Clair Johnson. Veterans Affair has refused to replace, or supply Petitioner any shoes since 2015 because of the scam from Mike Olsen of Veterans Affair and now Wayne Clair Johnson RICO Act violations.

Donald Richard Karr Jr., Petitioner should now obtain three (3) pairs of shoes annually from Veterans Affairs, inserts and six (6) pairs diabetic shocks for each pair of shoes since 2015 from Veterans Affair and now including 2023 and 2024 or thirty-three (33) pairs of diabetic shoes because of the scam from Mike Olsen of Veterans Affair in Kerrville, Texas and Wayne Clair Johnson that as a reasonable good faith solution a total of thirty (30) pairs of diabetic shoes size 11-1/2 EEE, thirty-three (33) pairs of diabetic

shoes inserts size 11-1/2 EEE, and six (6) pairs diabetic shocks for each pair of shoes size large.

Petitioner's required medical needs as a Veteran in over three years have been refused by Veterans Affair, that includes no glasses in four years, a meter to test his diabetic reading that Cody from the Pharmacy at Spokane that tested 35 points low reading actually 35 points higher that actual reading to KILL PETITIONER, CPAC Machine Res Med AirCurve ST-A Bilevel w/Humid Air, Plus get AirFit F10 Full Face Mask Assembly Kit, Res Med Airfit F10 Headgear Assembly, ResMed Climate Line Air Heated tubing, (2) Sleep Direct Filter for Resmed Air Sense 10, Petitioner has been refused these critical needs that are authorized that Veterans Affair refuses Petitioner as a Service Connected Veteran so that it is reasonable that a lump sum payment of forty thousand dollars ($40,000) should be paid to Petitioner for his direct payment to reimburse his loss, a constant failure to refuse to pay all ER billings leaving Petitioner with billings that are in fact Veterans Affair's bills to pay as only a couple examples. Petitioner's benefits are now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.

Regardless of this failures by Veterans Affair that began in Kerrville Texas in 2015 no effort by Veterans Affair has been made to the date of filing this Petition by Veterans Affair to make good on the wrongful acts of Mike Olsen and Wayne Clair Johnson, doing business as Lake City Shoe Repair. Petitioner asks that Court Prosecute the Respondents, and each of them, Criminally under 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 2015, plus Veterans Affair Management, the Respondents, and each of them, violations under the Hobbs Act 18 U.S.C. § 1951 robbery and extortion rising to the level of Racketeering Activities under the RICO Act for the Respondents Continuing Criminal Enterprises (CCE)..

   **C. No payment of Petitioner's Application for Benefits for damages in a Continuing Criminal Enterprise (CCE) at Veterans Affair that Petitioner's 100% Service Connected Disabled Veteran that began in 1973 and continues to this date and**

filing of this Petition with Court has been the failure of Veterans Affair and the Respondents, and each of them, to pay Petitioner since 1973. The Respondents have not been paid Petitioner the 1973 award of 100% Service Connected Disability to the Petitioner to the date of filing of this Petition. Petitioner's required medical needs as a Veteran over three years, Petitioner has been refused by Veterans Affair his 1973 100% Service Connected Disability Benefts, that are now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.

**D. Refusal of Petitioner's 100% Service Connected Benefits of all his applications.** Donald Richard Karr Jr., Petitioner has been unable to obtain his original award that was stolen from him in 1973. This Continuing Criminal Enterprise (CCE) at Veterans Affair for approximately fifty (50) years of refusing Petitioner his 100% Service Connected Benefits **violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.** Veterans Affair continues with the Respondents, false writings and refuses Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, that are benefits that were not given to Petitioner for his 1973 award of his 100% Service Connected Disability rating, but instead given to Donald Lee Karr **violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law** that now has been the last approximately fifty (50) years that Veterans Affair. The Respondents, and each of them, have intentionally refused Petitioner said benefits. At Veterans Affair they will not rate or award benefits to Petitioner that are more than 30% (non) service connected disabled. Petitioner has been refused 'any education benefits' or health care payments from Veterans Affair to pay for Choice and Private Doctors, Emergency Room Doctors and Staff, required medical tests, medications that have instead paid by the Petitioner and his Medicare. Veterans Affair has refused Petitioner his benefits, as a 100% Service Connected Disabled Veteran since 1973. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are now benefits in the Protected Status pursuant to Veterans Affair 55 year Rule. Veterans Affair and the Respondents, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law and Obsruction of Justice in the Respondents Continuing Criminal Entreprise (CC\E).

E. False Writings by Veterans Affair, the Respondents, and each of them, in a Continuing Criminal Enterprise (CCE), to set up fifty (50) years of refusal of Petitioner's 100% Service Connected Benefits specifically making no effort to change Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider, status from the 30% Service Connected Disability Rating to his actual 1973 status of 100% Service Connected Disability plus pay Petitioner his actual income rate for his current 100% service connected disabilities that he suffers from because of his military service to his country. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are now benefits in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.

F. All the Veterans Affair payments and damages reimbursed estimated actual costs that Petitioner has incurred, in an estimated lump sum payment, for the Petitioner's fifty-five (55) years six hundred sixty-one (661) months through February 2023, that would be fifty-five years in February 2023 or specifically noting six hundred sixty-one (661) months that is determined since February 1968 when Petitioner spent his sixth week of basic training in Ft Ord Hospital, until the actual cost are determined, with all additional costs not paid by Veterans Affair for any medical expenses up until the payment is determined at the judgment of this case, including the hospitals and doctors, plus dental or teeth that Veterans Affair has done nothing for Petitioner, to save Donald Richard Karr Jr., Petitioner's very expensive dental work that requires implants now, because of failures on the part of Secretaries of Veterans Affairs to apply the correct statutory and regulatory provisions to the correct and relevant facts and correct payment that represents Petitioner is being treated medically to conform to his medical status with his actual rating and disability benefits of a 100% Service Connected Disabled Veteran since 1973, per Oppenheimer v. Derwinski, 1 Vet. Appl. 370, 371 (1991) …back payment including hospital and medical costs including foot and eye surgery needed, which Veterans Affair is in fact the Malpractice from their lack of attention for Petitioner's needs that includes the wrong size twice of an 11 wide shoe in Kerrville Texas (and now 11-1/2 EEE wide) that was incorrectly measured by Mike Olsen, the Podiatry Tech at Dr. Karen Brooks, MD, KMC Podiatry Clinic, this size incorrectly twice Veterans Affairs Kerrville, Texas in a Continuing Criminal Enterprise (CCE), for money taken from Petitioner's social security, plus service connected disability benefits money for copay not owed by Donald Richard Karr

Jr., Petitioner. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.

## V.

## ROBBERY & EXTORTION OF VETERANS BENEFITS

Veterans Affair Management and their Employees, the Respondents, and each of them, **in a Continuing Criminal Enterprise (CCE)**, in their Intentional Wrongful Acts against Petitioner have Breached their Contract with Petitioner and the United States Government. Petitioner as a Veteran is entitled to his 100% Service Connected Disability Benefits, 100% GI BILL Educational Benefits and TRICARE Insurance. Veterans Affair Money Laundering and Identity Theft include, but are not limited to, **violations of the HOBBS Act 18 U.S.C. Section 1951, RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** that has been an approximately fifty (50) year Veterans Affair RICO Organized Crime Group that have stolen Petitioner's benefits since on or about September 1973 and are not protected by the **WESTFALL Act of 1988 28 U.S.C. §2679.** Petitioner is entitled to Punitive Damages from the Respondents, and each of them, for their wrongful acts described herein against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner's benefits. Petitioner is entitled to Punitive Damages against the Respondents, and each of them, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner's benefits, because of Respondents, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner benefits that he did not receive benefits until Petitioner had surgery for a Porcelain Gallbadder in Veterans Affair in Reno Nevada, While Petitioner was in Reno in 2004 and 2005. Petitioner did not receive any

compensation or monthly benefits until 2013 from Veterans Affair in November 2013. Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner were setup in November 2013 when Petitioner spent three (3) trips to the ER at Methodist Hospital Trauma Level Four Hospital in November and December 2013, to keep from dying from Dr. Arturo Llanos overdose of medications that Petitioner was told to take this toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025%, every four (4) hours, with the specific oral instructions given to Petitioner of a medication that is a twelve (12) hour medication. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are now benefits in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.   Petitioner relied upon these representations, which caused his injury as set forth herein.

## VI.

### FALSIFYING PETITIONER'S VETERANS AFFAIR

### COMPUTER RECORDS LIBEL & SLANDER

Petitioner is entitled to Punitive Damages from the Respondents, and each of them, **in a Continuing Criminal Enterprise (CCE)**,  for their wrongful acts against the Petitioner in their approximately fifty (50) years of the Racketeering and RICO Act violations and refusal of Petitioner's 100% Service Connected Disability benefits. Petitioner is entitled to Punitive Damages against the Respondents, and each of them, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner's benefits. Respondents, and each of them, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner's benefits causing Petitioner to deliberately become HOMELESS without his 1973 award of his 100% Service Connected Disability Benefits that were stolen by Donald Lee Karr and the staff of Veterans Affair, the Respondents, and each of them, in their Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner to KILL him to take Petitioner's Profile at Veterans Affair. Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner that the Respondents in their money laundering and identity theft of Petitioner's benefits, approximately fifty (50) years of RICO predicated acts, including TREASON and the 'prejudice of Petitioner', failing Responents, and each of them,

Ministerial Duty of Care of the Petitioner, as a Vietnam Vietnam ERA and Veterans to the date of filing this Petition. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment and are not protected by the WESTFALL Act of 1988 28 U.S.C. Section 2679.   Petitioner relied upon these representations, which caused his injury as set forth herein. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents wrongful acts have obtained the 100% Service Connected Disability Benefits of Petitioner through Petitioner's Profile when it is Electronically Turned On and Off without an upgrade of benefits, theft of same without intention of paying Petitioner, all Respondents be required to account for all gains, profits, and advantages **derived from** their several acts of racketeering in violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and federal law(s). The Respondents, and each of them, in these actions by Veterans Affair, and the Veterans Affair Employees, and Veterans Affair Employees Union AFGE (AFOL-CIO) membership and Intentional Veterans Affair Doctors and Staff Malpractice to Murder Petitioner continue with their undisputed attempts to murder Petitioner, that are specifically for the purpose to continue their embezzlement of payments of Petitioner benefits. Petitioner, DONALD RICHARD KARR JR.,  has received no medications over the last approximately three (3) years, no payment of Choice Doctor or Private Doctors and Doctors Tests because it is an undisputed fact they are paid for by Petitioner's Medicare, now over fifty-five (55) times with no medical care payments to doctors or medications whatsoever from Veterans Affair. The undisputed facts. DONALD R. KARR JR, the Petitioner, was deployed in Germany US Army USAREUR in the Special Weapons Depot, in April 1969 to December 1970 and Petitioner is the person that the 100% Service Connected Disability Benefits, GI BILL Educational and Education Benefits and TRICARE Insurance was awarded to in 1973.  DONALD R. KARR JR, the Petitioner, did not actually receive the 100% Service Connected Disability Benefits, that were given to him by the United States Government, as member of the military. DONALD R. KARR JR, the Petitioner, benefits have been assigned to and assumed on or about September 1973 by Donald Lee Karr, not a Veteran. The Veterans Affair, the Respondents, and each of them, set this up in the Veterans Affair Computer so someone (Donald Lee Karr) could impersonate Donald Richard Karr, Jr. the Petitioner, in the Veterans Affair Computer instead by the Veterans Affair Employees, the Respondents, and each of them, not paying Petitioner's 100% Service Connected Disability benefits since 1973  not paid to Petitioner. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are now benefits in the Protected Status pursuant

to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. §  241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.  Petitioner relied upon these representations, which caused his injury as set forth herein.

## VII.

### HARASSING Veterans Affair WHISTLE BLOWER (since 2013)

Veterans Affair Management, Donald Lee Karr and their Employees, the Respondents, and each of them, in their Intentional Wrongful Acts against Petitioner have Intentionally Breached their Contract with Petitioner (and the United States Government) that as a Veteran Petitioner is entitled to his 1973 award of his 100% Service Connected Disability Benefits, 100% GI BILL Educational Benefits and TRICARE Insurance that includes, but is not limited to, the Respondents, and each of them, **violations of the HOBBS Act 18 U.S.C. Section 1951, RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** that has been an approximately fifty (50) year Veterans Affair RICO Organized Crime Groups Racketeering and violations which Respondents all have conspired in the stolen Petitioner's 100% Service Connected Disability benefits since on or about September 1973 that are not protected by the **WESTFALL Act of 1988 28 U.S.C. §2679.**  Petitioner is entitled to Punitive Damages from the Respondents, and each of them, for their wrongful acts and Racketeering, Undisputed Acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner to KILL him to take his Veterans Affair Computer Profile at Veterans Affair, and as a Veterans Affair Whistle Blower since 2013, that is Obstruction of Justice in the Criminal Enterprises within Veterans Affair by the Respondents, Veterans Affair with its Employees and agents KILLING VETERANS FOR THEIR BENEFITS at the Veterans Affair and its Union's Money laundering operation, against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal of Donald Richard Karr Jr. Petitioner's benefits.  Petitioner is entitled to Punitive Damages against the Respondents, and each of them, for their wrongful acts against Donald Richard Karr Jr.

Petitioner's diverting his 1973 award of 100% Service Connected Disability Benefits, in their approximately fifty (50) years of Racketeering Activities RICO Act violations and refusal of Donald Richard Karr Jr. Petitioner's benefits, with the Respondents, and each of them, for their wrongful acts against Donald Richard Karr Jr. Petitioner without regard for Petitioner. Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner in the Veterans Affair Obstruction Of Justice. Petitioner relied upon these representations, which caused Petitioner's injury as set forth herein. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents wrongful acts have obtained Donald Richard Karr Jr. Petitioner's 100% Service-Connected Disability Benefits since 1973 of Petitioner through Petitioner's Profile Electronically Turned On and Off without being required to account for all gains, profits, and advantages **derived from their several acts of Racketeering in violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).** Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are benefits now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law. Petitioner relied upon these representations, which caused his injury as set forth herein.

## VIII.

## DEFAMATION OF PETITIONER'S CIVIL RIGHTS and VETERANS RIGHTS

Approximately fifty (50) year Veterans Affair Racketeering Activities, RICO Organized Crime Groups have stolen Donald Richard Karr Jr. Petitioner's benefits since on or about September 1973. Veterans Affair RICO Act violations and refusal to give Petitioner his actual disabled veterans 100% service connected disabilities ratings since 1973. Donald Richard Karr Jr. Petitioner's actual veterans 100% service connected disabilities ratings have never been corrected since 1973. Petitioner's benefits for his 100% Service Connected Disability disease conditions since 1973, are diverted and given to Donald Lee Karr who never served in the military, with the Respondents, and each of them, continuing their conspiracy and wrongful acts against the Petitioner. Veterans Affair Organized Crime Group(s) RICO predicated acts, including TREASON and the 'prejudice of Petitioner', failing their Ministerial Duty of Care of the Petitioner, as a

Vietnam ERA Veteran within the Veterans Affair facilities have continued with their money laundering and identity theft of Petitioner's benefits, approximately fifty (50) years of RICO predicated acts, including TREASON and the 'prejudice of Petitioner', failing their Ministerial Duty of Care of the Petitioner, as a Vietnam Vietnam ERA and Veterans to the date of filing this Petition. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment in their approximately fifty (50) years of the RICO Act violations and refusal of Petitioner's 100% Service Connected Disability benefits. Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner stating and representing Petitioner had only 30% Service Connected Disability Benefits. Petitioner relied upon these representations, which caused his injury as set forth herein. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents, wrongful acts have obtained the 100% Service-Connected Disability Benefits of Petitioner through Petitioner's Veterans Affair Computer Profile that is Electronically Turned On and Off without an upgrade of benefits for Petitioner. The Respondents theft of same without intention of paying Petitioner any of his benefits he is entitled to by law and promised him as a veteran. All Respondents be required to account for all gains, profits, and advantages **derived from** their several acts of racketeering in **violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).** The representations that caused Petitioner's DEFAMATION OF PETITIONER'S CIVIL RIGHTS and VETERANS RIGHTS **with** loss of benefits, income and livelihood in Petitioner's profession since 1986. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are benefits now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law. Petitioner relied upon these representations, which caused his injury as set forth herein.

## IX.

## DEFAMATION OF PETITIONER'S CHARACTER

Approximately fifty (50) year Veterans Affair Racketeering Activities and RICO Organized Crime Groups that have stolen Petitioner, DONALD RICHARD KARR JR., 100% Service Connected Disability benefits since on or about September 1973, including

Racketeering Activities and RICO Act violations and refusal of Petitioner's benefits. Respondents, and each of them, for their wrongful acts against the Petitioner, DONALD RICHARD KARR JR., in their approximately fifty (50) years of the Racketeering Activities, RICO Act violations and refusal of Petitioner's 100% Service Connected Disability benefits. Veterans Affairs Employees and all the Respondents wrongful acts to be acted upon by Petitioner stating and representing Petitioner, DONALD RICHARD KARR JR., had only 30% Service Connected Disability Benefits.  Petitioner, DONALD RICHARD KARR JR., relied upon these representations, which caused Petitioner's injury and damages as set forth herein. Veterans Affairs Employees and all Respondents, wrongful acts that have induced Petitioner, DONALD RICHARD KARR JR., to act in a matter which Veterans Affairs Employees and all Respondents wrongful acts have obtained the 100% Service-Connected Disability Benefits of Petitioner, through Petitioner's Veterans Affair Computer Profile that is Electronically Turned On and Off without an upgrade of Petitioner's benefits, theft of same without intention of paying Petitioner, DONALD RICHARD KARR JR. All Respondents will be required to account for all gains, profits, and advantages **derived from** their multiple acts of racketeering in **violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).** The representations that caused Petitioner's DEFAMATION OF DONALD RICHARD KARR JR., PETITIONER'S CHARACTER and loss of Petitioner Donald Richard Karr, Jr. 1973 benefits, income and livelihood. Petitioner's required medical needs as a Veteran over three years have been refused by Veterans Affair, that are benefits now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. §  241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law.  Petitioner relied upon these representations, which caused his injury as set forth herein.

## X.

### FRAUD & IDENTITY THEFT OF PETITIONER'S Veterans Affair  BENEFITS

### IMPERSONATING PETITIONER TO OBTAIN HIS BENEFITS

The Respondents, and each of them, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations and refusal by the Organized Crime Group(s) within Veterans Affair facilities have continued with their money

laundering and identity theft of Petitioner's 100% Service Connected Disability benefits, approximately fifty (50) years of Racketeering Activities, RICO predicated acts, including TREASON and the 'prejudice of Petitioner', failing their Ministerial Duty of Care of the Petitioner, as a Vietnam ERA Veteran and Veterans to the date of filing this Petition. Veterans Affair and it's Employees, the Respondents, and each of them, have acted for their own unjust-enrichment of Petitioner's benefits Continuing Criminal Enterprise (CCE). Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner. Petitioner relied upon these representations, which caused Petitioner, DONALD RICHARD KARR JR., injury as set forth herein. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents wrongful acts have obtained the 100% Service-Connected Disability Benefits of Petitioner through Petitioner's Veterans Affair Computer Profile that has been Electronically Turned On and Off without an upgrade of Petitioner's benefits, theft of same without intention of paying Petitioner. All Respondents should be required to account for all gains, profits, and advantages **derived from their multiple acts of racketeering in violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).**

**Veterans Affair, the Respondents, and each of them, Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C. § § 1961 (5), 1962 (d) began in 1973.** Petitioner now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth herein. Substance prevails over form. Petitioner's required medical needs as a Veteran over three (3)years have been refused by Veterans Affair, that are BENEFITS now in the Protected Status pursuant to Veterans Affair 55 year Rule, violating Petitioner's Civil Rights 18 U.S.C. § 241 Conspiracy Against Rights and 18 U.S.C. § 242 Deprive Under Color of Law. Petitioner relied upon these representations, which caused his injury as set forth herein.

At various times and places partially enumerated in Petitioner's documentary material, all Respondents, and each of them, in their performance of their duties at Veterans Affair, or on behalf of Veterans Affair, did conspire to acquire and maintain an interest in a **RICO enterprise engaged in a pattern of Racketeering Activity, in violation of 18 U.S.C. § § 1962 (b) and (d).**

At various times and places partially enumerated in Petitioner's documentary material that Petitioner would provide additional evidence with his amended Petition, all

Respondents, and each of them, did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in **violation of 18 U.S.C. § § 1961 (4), (5) and (9).**

During the forty (40) calendar years preceding November 4th 2013 A.D., all Respondents, and each of them, have a 'conflict of interest' with the Veterans, so that they did cooperate jointly and severally in the commission of two (2) or more of **the predicated acts that are itemized at 18 U.S.C. § 1961 (1)(A) and (B), in violation of 18 U.S.C. § 1962 (d).**

Petitioner further alleges that all Respondents, and each of them, have a conflict of interest with Veterans because they will not give the Veterans their actual disability rating and benefits, and did commit two (2) or more of the offenses itemized above in a matter which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of **their respective racketeering activities, also in violation of 18 U.S.C. § 1962 (d) (Prohibited activities supra).**

Pursuant to **84 Stat. 947, Oct. 15, 1970, the RICO laws** itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in the United States Code however, **Respondent Superior. "Employee" as used in this chapter and Section 1346(b) of this title is to be read as having same general meaning as term servant has in body of law relating to doctrine of respondent superior. U.S. vs. Becker, C.A.9 (Ariz) 1967, 378 F. 2d 319.**

## XI.

### ELDER ABUSE PETITIONER'S VETERANS AFFAIR KERRVILLE

### PTSD DESIGNATED DISABILITY

**Elder Abuse of Petitioner as a Veteran, 1973 100% Service Connected Disability status as a Vietnam ERA Veteran benefits now in the Protected Status pursuant to Veterans Affair 55 year Rule since 2003 in Veterans Affair Continuing Criminal Enterprise (CCE) for fifty (50) years. Petitioner has PTSD since on or about 2013 when Petitioner went to Mental health at Kerrville Veterans Hospital to be given award of PTSD**

rating and refused this disability by Veterans Affair when in fact this disability is shown in Petitioner's medical records. Veterans Affair and its staff, tortuous breach of contract in 1973 and of all his applications violating Veterans Affair 55 year Rule and Protected Status, their Intentional Wrongful Acts against Donald Richard Karr Jr., Petitioner that they have Breached their Contract with Donald Richard Karr Jr., Petitioner and the United States Government. Racketeering by the Respondents, and each of them, for the fifty (50) years in the Continuing Criminal Enterprise (CCE) of the Respondents, in their 'Obstruction of Justice' by the Veterans Affair RICO Organized Crime Group(s) that have stolen Donald Richard Karr Jr. Petitioner, a Soldier, impersonating Donald Richard Karr Jr., Petitioner, to obtain his 100% Service Connected Disability Benefits since 1973, since on or about September 1973. Veterans Affair RICO Act violations and refusal to give Donald Richard Karr Jr., Petitioner, his actual veterans 100% service connected disabilities ratings since 1973 assigning all of Donald Richard Karr Jr., Petitioner's 1973 award of his 100% Service Connected Disability Benefits to Donald Lee Karr to the date of filing this Petition. Donald Lee Karr who has never been in the Military and has no military benefits, was given Donald Richard Karr Jr., Petitioner's 1973 award of his 100% Service Connected Disability Benefits by the Respodents, and each of them. Donald Lee Karr **Impersonating Petitioner as a Solider in violation of 18 U.S.C. §  906 Art 106,** impersonating Donald Richard Karr Jr., Petitioner, as a Solider, to obtain Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability Benefits since 1973. Donald Lee Karr is not a veteran and has never served in the Military and therefore Donald Richard Karr Jr., Petitioner's 1973 award of his 100% Service Connected Disability Benefits was not in fact Donald Lee Karr's benefits.

It is in fact an undisputed fact Donald Richard Karr, Jr., the Petitioner, spent his sixth week of basic training February 1968 in  Ft. Ord hospital' when his 100% Service Connected Disabilities were discovered that are now **in the Protected Status pursuant to Veterans Affair 55 year Rule**. **Veterans Affair, Veterans Affair Management, the Respondents, and each of them, in Veterans Affair fifty (50) years in the Continuing Criminal Enterprise (CCE) of the Respondents, in their 'Obstruction of Justice', RICO Act actions that are Intentional as an undisputed fact, against Donald Richard Karr Jr., Petitioner causing his Elder Abuse and Depression,** is in part based and founded with the numerous letters and communication for approximately two year perios received from Kathy Malin's Regional Director in Veterans Affair in Boise Idaho, and specifically the letter dated March 8th 2019. Kathy Malin's Regional Director is psychotic who is part

of the Veterans Affair Management in Veterans Affair in Boise Idaho, clearly who is operating Veterans Affair in a location that has no jurisdiction 'rights to interfere with Donald Richard Karr Jr., Petitioner benefits as a Solider, specifically trying to obtain Donald Richard Karr Jr., 100% Service Connected Disability Benefits military benefits through the money laundering and identity theft of Donald Richard Karr Jr., Petitioner benefits at Veterans Affair, turning his profile on then off that is in violation of Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act.  RICO Act Crimes blocking Donald Richard Karr Jr., Petitioner from obtaining his 100% Service Connected Disability benefits. Donald Richard Karr Jr., benefits that were stolen in 1973 by Donald Lee Karr, **Impersonating Petitioner as a Solider in violation of 18 U.S.C. § 906 Art 106,** impersonating Donald Richard Karr Jr., Petitioner, as a Solider, when in fact Donald Lee Karr has no military benefits. No benefits because Donald Lee Karr has never been in the military **giving rise to prosecution for FELONY EXTORTION under 18 U.S.C. § 1964(1)(A) or even a CIVIL INVESTIGATIVE DEMAND (18 U.S.C. § 1968) constitutes not only obstructions of justice under the RICO Act, but also Wire Fraud under 18 U.S.C. § 1341 FRAUDS AND SWINDLES and 18 U.S.C. § 1343 FRAUD BY WIRE, RADIO, RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) rising to the level of Racketeering Activities under the** Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act.  **RICO Act violations through a scheme or artifice to defraud Donald Richard Karr Jr., Petitioner** of his 1973 award of 100% Service-Connected Disability Benefits, preventing him from exercising his common law rights, statutory rights, and constitutional rights from the very act of selecting Veterans Affair with the condescending nature on tone of the ridicule, embarrass, harass, and intimidate, that prevented Donald Richard Karr Jr., Petitioner from exercising his rights. Kathy Malin's Regional Director in Veterans Affair in Boise Idaho is about 400 miles from Coeur d' Alene, Idaho (and Donald Richard Karr Jr., Petitioner) and Boise provides no services from Boise, Idaho because Veterans Services in the Coeur d' Idaho area are provided by Spokane, Washington Veterans Affair. To be frank Kathy Malin should be arrested and taken into custody for her scam, for TREASON, violating Petitioner's Civil Rights and should be held for Court Martial!

This is the typical everyday Management at Veterans Affair as part of these Veterans Affair Employees, the Veterans Affair Union AFGE (AFOL-CIO) membership fifty (50) years in the Continuing Criminal Enterprise (CCE) of the Respondents, in their 'Obstruction of Justice' of the Organized Crime Group(s) at Veterans Affairs, involving Veterans Affair Employees, the Veterans Affair Union AFGE (AFOL-CIO) membership Racketeering violations that are as an undisputed fact, Money Laundering and Identity Theft of Donald Richard Karr Jr., Petitioner, a Solider, which Donald Lee Karr is **Impersonating Petitioner as a Solider in violation of 18 U.S.C. §  906 Art 106,** impersonating Donald Richard Karr Jr., Petitioner since 1973 to obtain Petitioner's 100% Service Connected Disability Benefits, that began in Los Angeles County, California Veterans Affair that Donald Ray Karr, also know as Donald R. Karr Veterans Affair employee, and Donald Lee Karr's worked at, on or about September 1973 that continues to the date of filing this Petition. Continuing at Veterans Affair in the United States in what seems to be all their Veterans Affair Facilities to this day with payments that have been redirected to Donald Lee Karr, who is impersonating Donald Richard Karr Jr., Petitioner, but is not a veteran, but false claims that Donald Lee Karr was a solider to obtain Donald Richard Karr Jr., Petitioner's benefits, as an undisputed fact have been preventing Donald Richard Karr Jr., Petitioner from obtaining his 1973 award of his 100% Service Connected Disability Benefits from Veterans Affair since 1973.

Donald Ray Karr, also know as Donald R. Karr, Navy Veteran and Veterans Affair Employee, in 1973 and his son, DONALD LEE KARR, when DONALD LEE KARR who was not a solider, **Impersonating Petitioner as a Solider in violation of 18 U.S.C. §  906 Art 106,** never served in the military, has never qualified for Donald Richard Karr, Jr. award of his 1973 benefits of 100% Service Connected Disability Benefits, but has assumed Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability Benefits in 1973 identifying himself as Donald Richard Karr Jr, a Solider, stating that he lived at said fraudulent address using the address 22042 Robin Oaks Terrace, Diamond Bar, California 91765 in Donald Richard Karr Jr., Petitioner's Veterans Affair Computer Profile at Veterans Affair with a PO BOX in Diamond Bar, California 91765 to redirect this mail belonging to Donald Richard Karr Jr, Petitioner to DONALD LEE KARR when in fact he lived at 22402 Robin Oaks Terrace, Diamond Bar, California 91765. The undisputed fact is Donald Lee Karr blocked Donald Richard Karr Jr., Petitioner from obtaining his 1973 award of his 100% Service Connected Disability benefits since 1973 because Donald Richard Karr Jr., Petitioner's Veterans Affair Computer Profile has two

(2) sides not one (1) in the Veterans Affair Computer altered to have one side with Donald Lee Karr obtaining 100% Service Connected Disability benefits that is Petitioner Donald Richard Karr Jr. 100% Service Connected Disability benefits plus Donald Richard Karr Jr., Petitioner gets the second side of 30% Service Connected Disability benefits that are specifically current payments of $508.05 per month but no other veterans benefits from Veterans Affair because Veterans Affair refuses all of Petitioner's benefits. When you examine Exhibit I attached with the billing from TRICARE Insurance the Sponsor is shown as Donald R. Karr, Jr. the Petitioner and it is Donald Richard Karr Jr. the Petitioner's Social Security number shown on the social security card and DD 214 also

## 18 U.S.C. § 1965 Venue and Process (RICO Act)

**18 U.S.C. § 1961(1)(A) DEFINITION OF RACKETEERING ACTIVITY** (*Includes Extortion*)

**18 U.S.C. § 1961(1)(B) DEFINITION OF RACKETEERING ACTIVITY** (Is any act which is indictable under any of the following provisions of title 18, United States Code:

**18 U.S.C. § 1512 TAMPERING WITH A VICTIM** and Whistle Blower (i.e. harassing the Petitioner herein).

**18 U.S.C. § 1513(e), (f), & (g) RETALIATING AGAINST A VICTIM,** and Whistle Blower (i.e., the Petitioner) ((e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both; (f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy; (g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

**18 U.S.C. § 1961(4) DEFINITION OF AN ENTERPRISE** includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;**18 U.S.C. § 1961(5)**

**DEFINITION OF A PATTERN OF RACKETEERING ACTIVITY** requires at least two (2) acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten (10) years (excluding any period of imprisonment) after the commission of a prior act of Racketeering Activity that is shown herein that Veterans Affair, the Respondents, and each of them, began the **PATTERN OF RACKETEERING ACTIVITY in 1973 that continues to the date of filing this Petition with the Court;**

**18 U.S.C. § 1951(b)(2) INTERFERENCE WITH COMMERCE BY THREATS OR VIOLENCE** (The term —extortion means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.);

**28 U.S.C. § 2201 CREATION OF REMEDY** – (In a case of actual controversy within its jurisdiction, … upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be review able as such.)

**28 U.S.C. § 2202 FURTHER RELIEF** – (Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.) IMPUTED NEGLIGENCE, OBSTRUCTING JUSTICE, AND CONSPIRACIES TO OBSTRUCT JUSTICE AS PREDICATE ACTS OF RACKETEERING ACTIVITIES UNDER THE RICO ACT AGAINST ALL RESPONDENTS AIDING AND ABETTING OBSTRUCTION OF JUSTICE: Kathy Malin, Regional Director, as one example with the approval of Robert Wilkie, Veterans Affair Secretary, are charged with imputed negligence for the Conspiracies and Obstruction of Justice failure or refusal to correct the Obstructions of Justice and Conspiracies to Obstruct Justice of Veterans Affair for violations of **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider'** First Amendment right to petition the Government for redress of grievances through the

Administrative Procedures Act on the premise at Veterans Affair that they cannot act above the law by refusing Veterans Benefits to the Petitioner including his 1973 award for 100% Service-Connected Disability Benefits. **Petitioner:** Donald Richard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application no. C XXXX6558) and his 1973 award of 100% Service Connected Disability Benefits plus TRICARE Insurance and GI BILL Benefits not paid to the Petitioner starting in September 1973 to the filing of this with the Court!

The Damages and Benefits that Petitioner is seeking in this Petition is for Petitioner's Original 1973 application and all subsequent applications to Veterans Affair for his 100% Service Connected Disability Benefits that he has been denied.

### Nature of Relief Sought

This Petition seeks the Court to issue an order directed to the Respondents, and each of them, and their council to answer Petitioner's Petition and Show Cause why the relief prayed for in this Petition should not be immediately granted to the Petitioner, Donald Richard Karr Jr. VA FILE NO. CXXXX6 558. This Petition for PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 complaining of the Respondents, Veterans Affairs and **Veterans Affairs Management Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b), 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973,** for over fifty (50) years, six hundred sixty-one (661) months, from February 1968 through February 12023 filing of this Petition, the Continuing Criminal Enterprises (CCE), Criminal and Racketeering Activities and violations of the RICO Predicated Acts are part of the relevant facts and findings in this Petition with the failure of justice; Obstruction of Justice; **therefore, it ought to 52; 2 H. & M. 132; 3 H. & M. 1; 1 S. & R. 473; 5 Binn. 87; 3 Conn. 243; 2 Virg. Cas. 499; 5 Call. 548. Mandamus will not lie where the law has given another specific remedy. 1 Wend. 318; 10 John. 484; 1 Cow. 417; Coleman, 117; 1 Pet. 567; 2 Cowen, 444; 2 McCord, 170; Minor, 46; 2 Leigh, 165; Const. Rep. 165, 175, 703.**

This Petition and Writ was introduced to prevent disorders from a failure of justice; therefore, it ought to be used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 3 Burr. R. 1267; 1 T. R. 148, 9.; 2 Pick. 414; 4 Pick. 68; 10 Pick. 235, 244; 7 Mass; 340; 3 Binn. 273; 5 Halst. 57; Cooke, 160; 1 Wend. 318; 5 Pet. 190; 1 Caines, R. 511; John. Cas. 181; 12 Wend. 183; 8 Pet. 291; 12 Pet. 524 Conn. 243; 2 Virg. Cas. 499; 5 Call. 548. Mandamus will not lie where the law has given another specific remedy. 1 Wend. 318; 10 John. 484; 1 Cow. 417; Coleman, 117; 1 Pet. 567; 2 Cowen, 444; 2 Penning. 1024; Hardin, 172; 7 Wheat. 534; 5 Watts. 152; 2 H. & M. 132; 3 H. & M. 1; 1 S. & R. 473; 5 Binn. 87; 3; 2 McCord, 170; Minor, 46; 2 Leigh, 165; Const. Rep. 165, 175, 703. This honorable Court on the matters contained in this **CERTIORARI WRIT 'CASE OF FIRST IMPRESSION WITH SPECIAL CIRCUMSTANCES WITH VETERANS AFFAIR ATTEMPTED MURDER OF PETITIONER'** and has original jurisdiction pursuant to the **RICO Act** remedies at 18 U.S.C. § 1964, and the holdings of the U.S. Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit in Lou vs. Beivberg, 834 F. 2d 730 hn. 4 (9th Cir. 1987) and violations of the RICO ACT CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) by the Respondents, and each of them, rising to the level of Racketeering Activities with demonstration of the Doctrine of Unclean Hands for fifty (50) years…

The Writ is to be used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 3 Burr. R. 1267; 1 T. R. 148, 9.; 2 Pick. 414; 4 Pick. 68; 10 Pick. 235, 244; 7 Mass; 340; 3 Binn. 273; 5 Halst. 57; Cooke, 160; 1 Wend. 318; 5 Pet. 190; 1 Caines, R. 511; John. Cas. 181; 12 Wend. 183; 8 Pet. 291; 12 Pet. 524; 2 Penning. 1024; Hardin, 172; 7 Wheat. 534; 5 Watts. The circuit courts of the United States may also issue Writs of Mandamus, but their power in this particular, is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. 7 Cranch, R. 504; 8 Wheat. R. 598; 1 Paine's R. 453. Vide, generally, 3 Bl. Com. 110; Com. Dig. h. t; Bac. Ab. h.t.; Vin. Ab. h.t.; Selw. N. P. h.t.; Chit. Pr. h.t.; Serg. Const. Index, h.t.; Ang. on Corp. Index, h.t.; 3 Chit. Bl. Com. 265 n. 7; 1 Kent. Com. 322; Dane's Ab. Index, h.t.; 6 Watts & Serg. 386, 397; Bouv. Inst. Index,

h.t.; and the article "Courts of the United States." 28 U.S.C. § 2671 Employee and Respondent Superior.

**GROSS NEGLIGENCE EQUATING TO FRAUD, FALSE STATEMENTS AND FRAUDULENT DOCUMENTS AND FALSE WRITINGS:** Kathy Malin, Regional Director, with the approval of Robert Wilkie, Veterans Affair Secretary are charged with imputed and gross negligence equating to FRAUD AND FALSE STATEMENTS **under 18 U.S.C. 1001 rising to the level of racketeering activities under the RICO Act, 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) in their Continuing Criminal Enterprise (CCE)** when refusing **Petitioner,** Donald Richard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army Solider, the Petitioner (1973 VA Application no. C XXXX6558) and 1973 award of Petitioner, DONALD RICHARD KARR JR., 100% Service Connected Disability Benefits from 1973 that were given to Donald Lee Karr, who is not a Veteran and did not serve in the military during the Vietnam War, plus Petitioner, Donald Richard Karr, Jr. TRICARE Insurance and GI BILL Benefits not paid to the Petitioner starting in September 1973. The Respondents, and each of them, actions rising to the violations of the **RICO Act, RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3)** that have continued since 1973, approximately fifty (50) year Veterans Affair RICO Organized Crime Groups conspiracy of the Respondents, and each of them. **Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army Solider, the Petitioner (1973 VA Application no. C XXXX6558)** and 1973 award of 100% Service Connected Disability Benefits plus TRICARE Insurance and GI BILL Benefits not paid to the Petitioner starting in September 1973. STOLEN VETERANS BENEFITS, A DUTY OF GOOD FAITH AND FAIR DEALING AS A STRICTLY MINISTERIAL DUTY OF CARE UNDER TORT LIABILITY IS RESPECTABLY PRESENTED TO THIS COURT AS VETERANS AFFAIR FAILURE TO MEET THE STANDARDS TO THEIR PROTECTION BY THE WESTFALL ACT FOR THEIR CIVIL AND CRIMINAL RICO PREDICATED ACTS AGAINST THE PETITIONER through CONSPIRACIES and OBSTRUCTIONS OF JUSTICE against the **Petitioner,** Donald Rickard Karr Jr., Vietnam ERA Veteran, and RA XXXX7616 Regular Army solider, the Petitioner (1973 VA Application no. C XXXX6558) and 1973 award of

his 100% Service Connected Disability Benefits, TRICARE Insurance and GI BILL EDUCATION Benefits and Chapter 34 Education Benefits not paid to the Petitioner starting in September 1973. The common law right of Petitioner, Donald Richard Karr, Jr. as Veteran to obtain his 100% Service Connected Disability benefits stolen from him by Veterans Affair Employees and the Respondents!

After the Petitioner's filing for benefits in Reno, Nevada Veterans Affair, Petitioner's second filing for his benefits, that Petitioner made application while Petitioner was obtaining his medical benefits in Reno, Nevada Veterans Affair in 2004-2005. Petitioner, Donald Richard Karr Jr. made his application again in 2016 with Ft. Harrison, Montana Veterans Affair in September 2016, after Petitioner made application for benefits when he moved from Kerrville, Texas in September 2016 and had at this time a benefits upgrade. Currently as of August 2023 Veterans Affair owes Petitioner for six hundred sixty-seven (667) months since February 1968 benefits for the June 2015 rating for 2015, Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating. Plus 30% Service Connected Disability rating payment that Petitioner has would be a total of sixty percent rating and payment August 2023 Veterans Affair owes Petitioner for six hundred sixty-seven (667) months since February 1968 benefits. Plus 30% Service Connected Disability rating paid since February 1968 not paid to March 2012.

Veterans Affair, the Respondents, their employees and agents, for their own unjust enrichment have embezzled the 1973 award of Petitioner's 100% Service-Connected Disability Benefits, his GI Bill and Education Benefits and TRICARE Insurance, through money laundering and identity theft, at Veterans Affair for over fifty (50) years six hundred sixty-one (661) months through February 2023, The Respondents, and each of them, have stolen over fifty-five (55) years, from February 1968, of Petitioner's 100% Service Connected Disability benefits through February 2023; fifty-five (55) years six hundred sixty-one (661) months through February 2023.

**DEMAND FOR IMMEDIATE SERVICE TO BE PERFORMED BY U.S. MARSHALS SERVICE FOR DUE CAUSE OF OBSTRUCTION OF JUSTICE** THE PETITIONER IS A VETERAN UNDER RULE 4(c)(2) FOR THE PURPOSE OF LITIGATION DELIVERY TO THE U.S. MARSHALS SERVICE OF THE ORIGINAL COMPLAINT AFTER NOTICE OF MY COMPLAINT! EVIDENCE OF DELIBERATE INDIFFERENCE TO MY RIGHTS TO PROCEDURAL & SUBSTANTIVE DUE PROCESS AND OBSTRUCTION

OF JUSTICE AS A PREDICATE ACT OF RACKETEERING ACTIVITY UNDER THE RICO ACT.

Veterans Affair with its Employees and agents KILLING VETERANS FOR THEIR BENEFITS, Veterans Affair fifty (50) years of 'Obstruction of Justice', in the Veterans Affair system and Veterans Affair Union's Money Laundering and Identity Theft, Organized Crime Operation, that is impersonating a Solider. That is impersonating Petitioner as a Solider, when Petitioner was in the US Army Reserves, when **Donald Richard Karr Jr.,  Vietnam ERA Veteran, the Petitioner (1973 VA Application no. C XXXX6558) and RA XXXX7616 Regular Army Solider,** applied for his benefits to attend College in 1974. Veterans Affair fifty (50) years of 'Obstruction of Justice' are violations that the Respondents, and each of them, have conspired in these Racketeering Actives At Veterans Affair since 1973. CLEARLY VETERANS AFFAIRS HAS DEMONSTRATED GROSS NEGLIGENCE EQUATING TO FRAUD, PREJUDICE OF PETITIONER with imputed and gross negligence equating to FALSE WRITINGS, FRAUD AND FALSE STATEMENTS, for fifty (50) years committed Un**disputed Acts of TREASON, 18 U.S.C. §§ 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner, to KILL him. Veterans Affair Employee would take Petitioner's Profile to give to his son Donald Lee Karr, other than Petitioner and use Petitioner's Social Security number to continue to use Petitioner's benefits for Fifty (50) years. Said Obstruction of Justice with their Criminal RICO Act violations, at Veterans Affair are common place, the Respondents, and each of them, continue to the date of filing this Petition violating Petitioner's Civil Rights 18 U.S.C. § 241, plus Veterans Affair violations under the Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities under the RICO Act. RICO Act CYBER CRIMES 18 U.S.C. § 1028 Identity Theft (fraud in connection with identification documents) 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) since 1973, rising to the level of Racketeering Activities under the RICO Act with RACKETEERING ACTIVITIES as a PRINCIPAL (18 U.S.C. § 2), and as an ACCESSORY AFTER THE FACT (18 U.S.C §3) since 1973 by the Organized Crime Group(s) at Veterans Affair.** against the Petitioner in their fifty (50) years of **Hobbs Act 18 U.S.C. § 1951 Robbery and Extortion rising to the level of Racketeering Activities with Obstruction of Justice with their**

**Criminal RICO Act violations, at Veterans Affair are common place,** RICO Act violations and refusal of Donald Richard Karr Jr. Petitioner's award of his 100% Service Connected Disability benefits continue to this day.

Petitioner is entitled to Punitive Damages against the Respondents, and each of them, for their wrongful acts against Donald Richard Karr Jr. Petitioner for diverting his 1973 award of his 100% Service Connected Disability Benefits, in their fifty (50) years of the RICO Act violations and refusal of Donald Richard Karr Jr. Petitioner 1973 award of his stolen benefits from the Petitioner, when his wife and child, needed his 100% Service Connected Disability Benefits, GI BILL Educational and Chapter 34 Education Benefits that were awarded to Petitioner in 1973. Petitioner's 100% Service Connected Disability Benefits and GI BILL Educational benefits so that he could attend Cal Poly Pomona starting in 1974. Veterans Employee Donald R. Karr, also know as Donald Ray Karr, former Veterans Affair employee in 1973, setup his son Donald Lee Karr in the Veterans Affair computer so that he was able to **Impersonate Petitioner as Solider violating 18 U.S.C. § 906 Art 106 so that his son Donald Lee Karr on or about September 1973 began receiving Petitioner, Donald Richard Karr Jr., Vietnam ERA Veteran benefits from** Petitioner's Veterans Affair Profile since 1973 **including** his award of 100% Service Connected Disability Benefits, Petitioner's GI BILL Educational and Title 34 Education Benefits and Petitioner TRICARE Insurance. Veterans Affair, and its staff, the Respondents, and each of them, on or about September 1973, when Petitioner returned his first two (2) GI BILL checks, because they came to early in September 1973 and his school did not start until 1974. Respondents, and each of them, for their Racketeering Activities, RICO ACT wrongful acts, Veterans Affair fifty (50) years of 'Obstruction of Justice' against Donald Richard Karr Jr., Petitioner with Veterans Affairs Employees and Respondents wrongful acts to be acted upon by Petitioner. Petitioner relied upon these representations, which caused Petitioner's injury as set forth herein. Petitioner received no doctors from Veterans Affair in Spokane and CBOC in Coeur d' Alene since he came to Idaho in September 2016 and subsequently no medical care, no medications, no diabetic shoes or medical payments in over three years that Dr. Micheal Abrahams, MD, as Petitioner's Veterans Affair Doctor, but yet no communication whatsoever in over three years in Veterans Affair fifty (50) years of 'Obstruction of Justice'. Veterans Affairs Employees and Respondents wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and Respondents wrongful acts have obtained Donald Richard Karr Jr. Petitioner's 100% Service-Connected Disability Benefits, of Petitioner through Petitioner's Profile was Electronically Turned On and Off without

being required to account for all gains, profits, and advantages **derived from their several acts of Racketeering in violation of 18 U.S.C.§ 1962(d) supra and from all other violation(s) of applicable State and Federal law(s).**

Petitioner's intentions to go back to work as a Hillside Land Planner, who will use his expertise as a land planner that does zone changes to develop these private gated planned unit developments and communities, including his expertise as an infrastructure designer and builder as a General Engineering Contractor (A) and Building Contractor (B) for his design and build projects. Petitioner designs and build projects, including infrastructure construction, plus a home building, where he will build his projects with infrastructure government bonds. Petitioner will build his initial smaller private gated projects starting in 2024 with the money owed Petitioner by Veterans Affair when he has obtained his first funding of his benefits for his 100% Service Connected Disability Benefits. The loss of Petitioner's livelihood and damages bring his life he earned as a Solider, that has been stolen from him since on or about September 1973. This would give Petitioner his return to normal and he could begin building planned communities larger than the 1,300 acres this time. Petitioner would start with a minimum of one project in 2024. Petitioner's start, if he can finally obtain his benefits, that have been stolen from him since 1973. Today there is a critical need for housing because many people are moving from the large violent cities to smaller cities, now it is key to have these planned gated community for the United States Population, as we go forward. Petitioner's as a 100% Service Connected Veteran can provide the design and building expertise for these communities.

It is in fact an undisputed fact Donald Richard Karr, Jr., the Petitioner, 'spent his sixth week of basic training February 1968 in the hospital' when his 100% Service Connected Disabilities were discovered that are now in the Veterans Affair 55 year Protected Status. None of these benefits can be changed. Veterans Affair tried to do this in July 2018 in an award in Missoula that Kathy Malin, Regional Director in Boise Idaho as an undisputed fact a False Writing that Petitioner's benefits were downgraded deleted in July 2018, that as an undisputed fact these benefits can not be downgraded or changed at Veterans Affair when in fact Petitioner's benefits began in 1973 when he was given a 1973 Application no. C XXXX6558 and they are in the Protected Status at Veterans Affair. Kathy Malin actions Continuing Criminal Enterprise (CCE) should be evidence that is used in her trial for TREASON and she should be taken to **GITMO** for her criminal trial to determine if they get a Life Sentence for what they have done to Veterans, where Kathy Malin and Respondents can die and be buried in the PRISON yard, so they can never return to the United States and their citizenship revoked for their intentional and

illegal acts of TREASON, 18 U.S.C. § 2381 & 2384 & 28 USC § 2412 Crimes Against Petitioner.

When Petitioner again made application in March 2018 that Veterans Affair setup an illegal application for benefits that were confirmed by the 55 year Rule at Veterans Affair in 2003 to be Petitioner's 100% Service Connected Disablity Benefits since 1973 and Petitioner received at Veterans Affair with again an illegal ruling July 30th 2018, within the Federal Court jurisdiction of the 9th Circuit Court. Prior to Petitioner relocating from Texas Petitioner was given his 100% Service Connected Disability award that was given to Petitioner by Karina Hipp, a rating person, at VARO Veterans Affair in Houston, Texas that Petitioner received in May 2016. Karina Hipp, when she stated that Petitioner was in fact 100% Service Connected Disabled, because she could see Petitioner had been 100% Service Connected Disabled since on or about September 1973 in the Veterans Affair Computer.

Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas Veterans Affair use toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025% to try to kill Petitioner, DONALD RICHARD KARR JR! Dr. Arturo R. Llanos MD Gold Team at Kerrville, Texas Veterans Affair used toxic mixture of Symbicort, combined with Flunisolide Nasal Solution USP, 0.025% in his premeditated attempt to try to kill Petitioner, DONALD RICHARD KARR JR., that in fact now shows in the attached Exhibit of Petitioner in his emergency room visits in 2013 in the Boerne Methodist Hospital Emergency Room, Dr. William John Ryan and the November 2017 exacerbation and breathing tests of Dr. Kevin Chang that Petitioner has Chronic Bronchitis #6600 disease condition due to small bronchial tubes Emphysema #6603 disease condition and COPD #6604 disease conditions.

**On or about July 6th 2017 Amy Marrs a rating person at Spokane Veterans Affair rated Petitioner with 100% Service Connected Disability Benefits and 100% Nonservice Connected Disability because of Petitioner's PTSD condition but Veterans Affair refuses Petitioner's benefits. These disabilities have not been paid to Petitioner by Veterans Affair. The Jurisdiction of the Ninth Circuit** Petitioner's applications in Veterans Affair for the TOKEN 30% Service-Connected Disabled Veterans benefits, because Petitioner didn't use the correct form taking over three months to tell Petitioner without sending the correct form to Petitioner for his application C-XXXX6558 for 100% Service-Connected Disabled Veterans Benefits, in the amount of 100% Service-

Connected Disabled Veterans Benefits not paid out and funded that Petitioner, Donald Richard Karr, Jr. was not given any disability benefits upgrade, from Veterans Affair Boise, Idaho, but instead Petitioner's Profile was Electronically Turned On and Off without an upgrade of benefits. The facts are undisputed that Petitioner's benefits are 100% Service Connected Disabled since 1973 and he is not required to make application for benefits, Veterans Affair refuses Petitioner his benefits with continuous 'false writings and fraudulent awards' for Petitioner's benefits, that Petitioner has had his 1973 award of his 100% Service Connected Disability Benefits, and his second application for benefits status since 2003, now in the Veterans Affair 55 year Protected Status no ratings since 2011 show Petitioner's actual disabilities established in 2003 or his100% Service Connected Disabled since 1973. Petitioner's disabilities established by the COPD #6604 test of W. John Ryan MD Texas Board Certified Internal Medicine, test January 10th 2014, again establishes Petitioner's 100% Service-Connected Disabled conditions in 2013 and 2014 with all of these conditions and tests that are in the Veterans Affair Computer that have been forwarded to Veterans Affair since 1973. Petitioner's allergies noted in Veterans Affair Doctors notes in 2004 and 2005, 2013 and 2014 that make the Veterans Affair award on or about November 4th 2013 a 'false writing and fraudulent award' as an undisputed fact, the third test ordered in August 2013 would have established the Petitioner was 100% Service Connected Disabled, but Marie L. Weldon, Director at Veterans Affair in San Antonio, Texas, canceled the third Test to produce a 'false finding and false writing' of Petitioner Donald Richard Karr, Jr. test for his 100% Service Connected Disability status. Veterans Affair care for Petitioner's 100% Service Connected Disability Diseases for his Chronic Bronchitis #6600 condition, because Petitioner has small and large bronchial tubes, Petitioner's Asthma #6602 disability may also send him to the hospital because of his allergies. Petitioner's Emphysema #6603 disease condition and COPD #6604 disease conditions are conditions which the progression of Petitioner's diseases that have now become COPD #6604 which Veterans Affair refuses Petitioner treatment as a 100% Service Connected Disabled Veteran. In June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating but Veterans Affair refused Petitioner any upgrade.

## ARTICLE XII.

## PETITIONER'S RESERVATION OF RIGHT TO AMEND THIS PETITION

As allowed by this Court and other related rules, Petitioner, Donald Richard Karr, Jr. asserts and reserves his legal right to amend and/or supplement the allegations and other contents of this petition to conform with any additional evidence or information and/or to respond to any or all of the pleadings of Respondents and/or any other party or parties in the above numbered and styled civil action. I, DONALD RICHARD KARR JR, certify the contents of this petition under Penalty of perjury that the contents of this Petition is true to my knowledge, except as to that stated upon information and belief.

## ARTICLE XIII
## PRAYER

FOR THESE REASONS, PETITIONER prays that all Respondents, and each of them herein shown as part of this action, be cited to appear and answer herein and that Petitioner have and recover judgment against Respondents, Veterans Affairs Employees and each of them, for their wrongful acts to be acted upon by Petitioner, Donald Richard Karr, Jr.. Petitioner, Donald Richard Karr Jr., relied upon these representations, which caused Petitioner injury as set forth herein. Veterans Affairs Employees, the Respondents, and each of them, wrongful acts that have induced Petitioner to act in a matter which Veterans Affairs Employees and the Respondents wrongful acts have obtained the 100% Service-Connected Disability Benefits of Petitioner, Donald Richard Karr, Jr., paid through accessing Petitioner's Profile that was Electronically Turned On and then Off without an upgrade of Petitioner's benefits, theft of same without intention of paying Petitioner any of his benefits for the following:

1. Actual damages, including but not limited to, the stolen 100% service connected veterans benefits, described above, jointly and severally, in a fair and reasonable total amount in the jurisdictional limits of this court or, alternatively, as allowed by law;

2. Exemplary and punitive damages that Petitioner will Amend this Petition details of same and from each of the respondents in fair and reasonable amounts pursuant to the jurisdictional limits of this court, or, alternatively, as allowed by law; Petitioner now re-alleges, each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form and Petitioner seeks damages for;

3. Attorney fees and legal costs including Petitioner's work as litigation paralegal, jointly and severally, in a fair and reasonable amount in excess of the minimum jurisdictional limits of this court, or, alternatively, as allowed by law;

4. That the University of California at Los Angeles be ordered to revoke the College degrees of Donald Lee Karr and Donald Ray Karr his son because they attended school with payment of same from Donald Richard Karr, Jr. Petitioner's stolen GI Bill payments in their Money Laundering and Identity Theft since 1973.

5. Petitioner's Status be awarded to him as 100% Service Connected Disability since 1968, no later than sixty (60) days of date of this Petition.

6. Pre-judgment interest and post-judgment interest as allowed by law;

7. Current payment of benefits would be with the 100% Service Connected Disability since February 1968, which is 30% Service Connected Disability rating since February 1968, which is 60% Service Connected Disability rating since 1968, which is 90% Service Connected Disability rating since 1968, and the 100% Service Connected Disability rating since February 1968, combined to obtain the total of 100% Service Connected Disability based upon what has been stolen that would be payment to Petitioner his wife and children, not just the Petitioner, that Veterans Affair refused Petitioner any upgrade to 100% Service Connected Disability. On or about July 6th 2017 Amy Marrs a rating person at Spokane Veterans Affair rated Petitioner with 100% Service Connected Disability Benefits and 100% Nonservice Connected Disability because of Petitioner's PTSD condition but Veterans Affair refuses Petitioner's benefits. These disabilities have not been paid to Petitioner by Veterans Affair. The payment to Petitioner would be based upon the 2024 Rating Chart for calculation of benefits, basing payment to Petitioner upon six hundred seventy (670) months February 1968 and Punitive Damages for refusal to pay foe fifty years, paid to Petitioner no later than forty five (45) days of date of this Petition, and release of Petitioner's TRICARE Insurance and Medicaid Insurance awarded to Petitioner immediately. All other matters and damages would be subject matter in good faith once this is paid in full to Petitioner. The Petitioner's Benefits have never been paid to him in these damages but are based upon a mathematical equation in his loss that includes Exemplary and Punitive Damages. The 'bad faith' in the operation of Veterans Affair for over fifty (50) years has resulted in refusal of Petitioner's benefits in each application that Petitioner has made for his benefits to the date of the filing of this Petition.

8. Current payment of benefits would be with the 26th June 2015 Veterans Affair diagnosed Petitioner with type 2 Diabetes and Tinnitus which is 30% Service Connected Disability rating that Veterans Affair refused Petitioner any upgrade to 60% Service Connected Disability. The payment to Petitioner would be based upon the 2024 Rating Chart for calculation of benefits, basing payment to Petitioner upon six hundred seventy (670) months February 1968 including Petitioner's current 30% Service Connected Disability and Punitive Damages for refusal to pay for fifty years, paid to Petitioner no later than forty five (45) days of date of this Petition, and release of Petitioner's TRICARE Insurance and Medicaid Insurance awarded to Petitioner immediately. All other matters and damages would be subject matter in good faith once this is paid in full to Petitioner. The Petitioner's Benefits have never been paid to him in these damages but are based upon a mathematical equation in his loss that includes Exemplary and Punitive Damages. Their **TORTUOUS BREACH OF CONTRACT with** Donald Richard Karr Jr., Petitioner that is now over One Million Five Hundred Thousand Dollars ($1,500,000) that Petitioner is entitled to Punitive Damages in the amount of Fifteen Million Dollars ($15,000,000) against the Respondents, and each of them, **in a Continuing Criminal Enterprise (CCE)**, for their wrongful acts against the Petitioner in their approximately fifty (50) years of the RICO Act violations, Racketeering and Organized Crimes at Veterans Affair and refusal of Donald Richard Karr Jr., Petitioner's 100% Service Connected Disability benefits stolen by Veterans Affair, the Respondents, and each of them, on or about September 1973. The 'bad faith' in the operation of Veterans Affair for over fifty (50) years (February 1968) has resulted in refusal of Petitioner's benefits in each application that Petitioner has made for his benefits to the date of the filing of this Petition.

9. Costs of court; and

10. All other relief, in law and in equity, which Petitioner may be justly entitled and that Petitioner have and recover judgment.

Respectfully submitted,

DONALD RICHARD KARR JR, the Petitioner *Filed In Pro Per*

U. S. ARMY VIETNAM ERA VETERAN RAXXXX7616, (1973 VA FILE NO. CXX XX6 558), EXECUTED ON THIS 14th day of November 2023

State of Idaho          )

                        ) S.S.

County of Kootenai  )


On this 14th day of November, in the year of 2023, before me personally appeared

DONALD R. KARR JR, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed same.


JASON LIVINGSTON
Notary Public
State of Idaho
Commission No. 20223691

Signature of Notary Public _____

My Commission Expires:  9/14/28

Reside in: Kootenai County


I, DONALD R. KARR JR, the Petitioner, was deployed in Germany US Army USAREUR in the Special Weapons Depot, in April 1969 to December 1970, the Petitioner in this Petition for Extraordinary Relief in the Nature of a RICO Act PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651 CASE OF FIRST IMPRESSION. with Special Circumstance including Attempted Murder with Points and Authorities make the above statement of facts that is true to my own personal knowledge, except as to those stated upon information and belief, which I believe to be true. I declare under penalty of perjury that the information in this Petition is true and correct, in this VERIFIED PETITION FOR PEREMPTORY WRIT OF MANDAMUS 28 U.S.C. § 1651, CASE OF FIRST IMPRESSION- RICO ACT CYBER CRIMES 18 U.S.C. §1028 Identity Theft (fraud in connection with identification documents), 18 U.S.C. § 1028A Aggravated Identity Theft (occurs when someone knowingly transfers, possesses, or uses without permission, identification of another person, and then uses that identification during and/or in relation to the act of a particular felony violation) and 18 U.S.C. § 1029 Identity Theft (access device fraud by the Government) Veterans Affair EMPLOYEES INTENTIONAL FRAUD AND WRONGFUL ACTS. Petitioner was deployed to Germany US Army USAREUR in April 1969 to December 1970, deployed in Germany US Army USAREUR in the Special Weapons Depot, I am the Petitioner in this VERIFIED PETITION for Extraordinary Relief in the Nature of a Writ of Mandamus and Civil Complaint and I know its contents. Petitioner in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the

"United States" (federal government), that the above with Points and Authorities and laws is true and correct, according to the best of Petitioner's current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746. See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

By: _____ this 14th day of November 2023

DONALD RICHARD KARR JR, the Petitioner and Plaintiff, *Filed In Pro Per* U. S. ARMY

VIETNAM ERA VETERAN RAXXXX7616, (1973 VA FILE NO. CXX XX6 558)

State of Idaho          )

                        ) S.S.

County of Kootenai   )

On this 14th day of November, in the year of 2023, before me personally appeared

DONALD R. KARR JR, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed same.

JASON LIVINGSTON
Notary Public
State of Idaho
Commission No. 20223691

Signature of Notary Public _____

My Commission Expires: 8/4/28

Reside in: Kootenai County

## LIST OF EXHIBITS

### Exhibit "I" through "III"

1. Petitioner's DD-214 and VA ID plus Medicare Health Insurance shown in this "Exhibit I" Group consisting of 7 pages with Petitioner's TRICARE Insurance' shown in this "Exhibit I" Group consisting of 7 pages total.

> **IA** is Petitioner's DD 214 page 1 of 7

> **IB** is Petitioner's Vetrerans Affair Card, Texas ID, Social Security Card and Medicare card page 2 of 7

> **IC** is TRICARE Bill dated (05/13/2022) showing Petitioner as the Sponsor or Petitioner's TRICARE that he has never been given, that he appears to the dependent too, so he is being charged $276 while it appears that Donald Lee Karr is impersonating Petitioner using the insurance page 3 of 7 through 6 0f 7

> ID is letter from Petitioner's doctor Dr. Glen Volyn that Medicare pays for and Veterans Affair has paid nothing in over three years The letter is dated October 6th 2023 in relevant part states that Petitioner needs his Tricare Insurance that is paying for Donald Lee Karr medical not Petitioner.

2. Specific diabetic shoes for replacement shown in the "Exhibit II" Group consisting of 1 page page 68

3. Tests establishing proof of disabilities of Petitioner shown in the "Exhibit III" Group consisting of 18 pages.

> **IIIA** June 26th 2015 Veterans Affair upgrade rating that is in Petitioner's Protected status since 2003, **in the Protected Status pursuant to Veterans Affair 55 year Rule** Petitioner is 100% Service Connected Disabled since 1973, for 30%

> Service Connected Disabled that brings Petitioner's benefits to 60% Service Connected Disabled, which is 55 years of payments monthly since February 1968 owed to Petitioner for the current rating of 30% Service Connected Disabled and 60% Service Connected Disabled monthly payments, plus make Petitioner exempt from any copay, owed immediately by Veterans Affair shown on the nine pages, pages 1 of 18 through 9 of 18

> **IIIB** List of Disabilities (5/27/20) page 10 of 18

> **IIIC** Doctor's Visit Notes from Dr. Glen Volyn October 6th 2023 consisting of 8 pages page 11 of 18 through page 18 of 18

EXHIBIT I

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT.

| PERSONAL DATA | | | |
|---|---|---|---|
| 1. LAST NAME—FIRST NAME—MIDDLE NAME<br>KARR, DONALD RICHARD JR | 2. SERVICE NUMBER<br>RA 616 | 3. SOCIAL SECURITY NUMBER<br>0308 | |
| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS<br>ARMY RA ORD | 5a. GRADE, RATE OR RANK<br>SP4 | 5b. PAY GRADE<br>E4 | 6. DATE OF RANK<br>DAY 25 MONTH APR YEAR 69 |
| 7. U. S. CITIZEN ☒ YES ☐ NO | 8. PLACE OF BIRTH (City and State or Country)<br>LAWRENCE MICH | | 9. DATE OF BIRTH<br>DAY — MONTH FEB YEAR 48 |

| SELECTIVE SERVICE DATA | | |
|---|---|---|
| 10a. SELECTIVE SERVICE NUMBER<br>04 094 48 0368 | 10b. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE<br>LB# 94 PASADENA CALIF 91766 | 10c. DATE INDUCTED<br>DAY MONTH YEAR<br>NA |

| TRANSFER OR DISCHARGE | | | |
|---|---|---|---|
| 11a. TYPE OF TRANSFER OR DISCHARGE<br>TRF TO USAR SEE 16 | 11b. STATION OR INSTALLATION AT WHICH EFFECTED<br>FT DIX NJ | | |
| 11c. REASON AND AUTHORITY<br>AR 635-200 SPN 411 EARLY SEP FR OS | | | 11d. EFFECTIVE DATE<br>DAY 21 MONTH DEC YEAR 70 |
| 12. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>575TH ORD CO USAREUR | 13a. CHARACTER OF SERVICE<br>HONORABLE | | 13b. TYPE OF CERTIFICATE ISSUED<br>NONE |
| 14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED<br>TRF TO USAR CON GP (REINF) USAAC ST LOUIS MO | | | 15. REENLISTMENT CODE<br>RE1 |

| SERVICE DATA | | | |
|---|---|---|---|
| 16. TERMINAL DATE OF RESERVE/ UMT&S OBLIGATION<br>DAY 28 MONTH DEC YEAR 73 | 17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION<br>a. SOURCE OF ENTRY:<br>☒ ENLISTED (First Enlistment) ☐ ENLISTED (Prior Service) ☐ REENLISTED<br>☐ OTHER | 18a. TERM OF SERVICE (Years)<br>3 | 18b. DATE OF ENTRY<br>DAY 29 MONTH DEC YEAR 67 |

| | |
|---|---|
| 18. PRIOR REGULAR ENLISTMENTS<br>NONE | 19. GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SVC<br>PV1 |
| 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State)<br>LOS ANGELES CALIF | |

| 21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code)<br>20938 FLAPJACK DR<br>DIAMOND BAR (LOS ANGELES) CALIF 91766 | 22. STATEMENT OF SERVICE | YEARS | MONTHS | DAYS |
|---|---|---|---|---|
| | a. (1) NET SERVICE THIS PERIOD | 2 | 11 | 23 |
| 23a. SPECIALTY NUMBER & TITLE | 23b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER | (2) OTHER SERVICE | 0 | 0 | 0 |
| 21T20<br>SGT TES EQ RPMN | 729 281<br>ELECT INST RPMN | (3) TOTAL (Line (1) plus Line (2)) | 2 | 11 | 23 |
| | | b. TOTAL ACTIVE SERVICE | 2 | 11 | 23 |
| | | c. FOREIGN AND/OR SEA SERVICE | 1 | 7 | 13 |

24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED
GOOD CONDUCT MEDAL                    NATIONAL DEFENSE SERVICE MEDAL
EXPERT BADGE M-14

25. EDUCATION AND TRAINING COMPLETED
SGR TEST EQUIP RPMN 21T20 32 WKS 69
ATP 21-114    CODE OF CON
GENEVA CON
CBR TNG

| VA AND EMP. SERVICE DATA | | | | |
|---|---|---|---|---|
| 26a. NON-PAY PERIODS TIME LOST (Preceding Two Years)<br>NONE | 26b. DAYS ACCRUED LEAVE PAID<br>14 | 27a. INSURANCE IN FORCE (USLI or USGLI) ☐ YES ☒ NO | 27b. AMOUNT OF ALLOTMENT<br>NA | 27c. MONTH ALLOTMENT DISCONTINUED<br>NA |
| | 28. VA CLAIM NUMBER<br>c.    NA | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE<br>☐ $10,000  ☐ $5,000  ☒ $15,000 | | |

| REMARKS | |
|---|---|
| 30. REMARKS<br>BLOOD GP A RH+<br>4 YRS HS (DIPL) | |

| AUTHENTICATION | | |
|---|---|---|
| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code)<br>20938 FLAPJACK DR<br>DIAMOND BAR CALIF (LA) 91766 | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED<br>Donald Karr | |
| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER<br>RAE ROSTHAR CPT WAC ASST CHIEF ENL BR | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN | |

| DD FORM 214 1 JUL 66 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE EFFECTIVE 1 JAN 67 | ☆ GPO: 1970—383-496 | ARMED FORCES OF THE UNITED STATES REPORT OF TRANSFER OR DISCHARGE |
|---|---|---|---|

pag 1 of 7

EXHIBIT I
page 2 of 7











*Exhibit I*

Page 1 of 3



**T R I C A R E®**

# TRICARE EXPLANATION OF BENEFITS

Administered by: WPS Military and Veterans Health
This is a statement of the action taken on your
TRICARE claim. Keep this notice for your records.

DONALD R. KARR
212 W IRONWOOD DR # ND544
COEUR D ALENE ID 83814-1403

| Date of Notice | 05/13/2022 |
|---|---|
| Summary of Claims Processed | FROM: 04/15/2022 TO:  05/03/2022 |
| Sponsor SSN | XXX-XX-0308 |
| Sponsor Name | Donald R Karr Jr |
| Patient Name | Donald R Karr |

If you have questions about this notice,
please call toll free at **1-866-773-0404**.
You can also visit us online at
**www.tricare4u.com**

## THIS IS NOT A BILL

Process Date: 04/15/2022

Claim Number: 2022105 8216987
Provider #:     820231746
Provider Name: Kmc Physician Clinic

| SERVICES PROVIDED BY | DATE OF SERVICE | AMOUNT BILLED | TRICARE ALLOWED | REMARKS |
|---|---|---|---|---|
| Kmc Physician Clinic 99214 - 1 MEDICAL OFFICE | 04/06/22 - 04/06/22 | $276.00 | $0.00 | 075 |
| Total | | $276.00 | $0.00 | |

| CLAIM SUMMARY | | BENEFICIARY SHARE | |
|---|---|---|---|
| Amount Billed | $276.00 | Cost Share/Copay | $0.00 |
| Other Ins. Paid | $0.00 | Deductible | $0.00 |
| TRICARE Allowed | $0.00 | | |
| TRICARE Paid | $0.00 | | |
| Amount you owe | $276.00 | | |

Out of Pocket Expenses met to date:

| Year | Catastrophic Cap Met to Date | Deductible - individual | Deductible - Family |
|---|---|---|---|
| 2022 | $0.00 out of $1,120.00 | $0.00 out of $0.00 | $0.00 out of $0.00 |

## THIS IS NOT A BILL

Process Date: 04/16/2022

Claim Number: 2022106 8287596
Provider #:     820231746
Provider Name: Kmc Physician Clinic

| SERVICES PROVIDED BY | DATE OF SERVICE | AMOUNT BILLED | TRICARE ALLOWED | REMARKS |
|---|---|---|---|---|
| Kmc Physician Clinic 99214 - 1 MEDICAL OFFICE | 04/08/22 - 04/08/22 | $276.00 | $0.00 | 075 |
| Total | | $276.00 | $0.00 | |

*page 3 of 7*

**WPS.** | MILITARY AND VETERANS HEALTH

**IMPORTANT NOTICE** *Exhibit I*

This TRICARE For Life EOB is your record of how we processed your claim. You may use it to show your provider how much of the deductible you've met as of the date of the EOB.

**Eligibility:** You must show eligible in the Defense Enrollment Eligibility Reporting System (DEERS). If you're not sure if you're eligible, call DEERS at 1-800-538-9552.

**Individual/Family Deductible:** A deductible is the initial amount a beneficiary must pay out-of-pocket for services before TRICARE begins to pay. The annual deductible is applied on a calendar year basis and will only apply when TRICARE For Life pays first. There are individual and family deductibles. An individual deductible is half of the family deductible. Individual deductibles do not apply once you meet the family deductible.

**Beneficiary Notice:** Please review the services/supplies shown on the front of this EOB. If TRICARE has paid for any services you did not receive or if you were charged by a healthcare professional you did not see please call the TRICARE For Life Customer Service Department at 1-866-773-0404 to report Fraud and Abuse. If Medicare paid on the claim please also report the Fraud and Abuse to Medicare at 1-800-MEDICARE.

**To file a grievance:** If you aren't satisfied with the timeliness or quality of service, you may file a grievance. Send your grievance to:

> WPS/TRICARE For Life
> Attn: Grievances
> PO Box 8974
> Madison, WI 53708-8974

**Timely Filing:** You or your provider must file claims no later than one year from the date of service, or the date of discharge from an inpatient stay. If your claim is denied because it was not filed on time, you may request a timely filing waiver. Some limited exceptions apply. Send your timely filing waiver request to:

> WPS/TRICARE For Life
> PO Box 7889
> Madison, WI 53707-7889

**Right to appeal:** If you disagree with the determination on your claim, you have the right to request a reconsideration. Your signed written request must state the specific matter with which you disagree and MUST be sent to the following address No Later Than (NLT) 90 days from the date of this notice. If the postmark on the envelope is not legible, then the date of the receipt is deemed the date of filing. Include a copy of this notice. On receiving your request, all TRICARE claims for the entire course of treatment will be reviewed. Send requests to:

> WPS/TRICARE For Life
> Attn: Appeals
> PO Box 7490
> Madison, WI 53707-7490

To access your TRICARE For Life claims, visit **TRICARE4U.COM**. Once registered, you can check claim status, view your EOB, update Other Health Insurance (OHI) information, and verify eligibility and out of pocket expenses or send a secure message.

---

### ADDITIONAL CONTACT INFORMATION

| WPS/TRICARE For Life | WPS/TRICARE For Life | WPS/TRICARE For Life |
|---|---|---|
| **Attn: Claims** | **Attn: Correspondence** | **Attn: Third Party Liability** |
| PO Box 7890 | PO Box 7889 | PO Box 7897 |
| Madison, WI 53707-7890 | Madison, WI 53707-7889 | Madison, WI 53707-7897 |

Please visit beneficiary self-service online at TRICARE4U.COM to take advantage of our chat and secure messaging features, or contact Customer Service at 1-866-773-0404. **Available Mon through Fri 7 AM - 10 PM CST.** You can also send us a fax at 1-608-301-2114.

**Our automated phone system is available 24 hours a day, 7 days a week.**



**Kootenai**Health

KOOTENAI CLINIC CDA FAMILY MEDICINE LINCOLN
1701 LINCOLN WAY
COEUR D ALENE ID 83814-2537
ph: 208-625-4955
fax: 208-625-4956
kh.org

October 6, 2023

To Whom It May Concern:

This letter regards patient I have seen for medical care as primary physician.  Mr. Karr is
not receiving Tricare insurance despite active combat service record, and this has
caused issues regarding cost of essential medical treatment.

Sincerely,

Glen Volyn MD

EXHIBIT "I"
page 7 of 7

Donald Richard Karr Jr. page 1 of 1

## DONALD RICHARD KARR JR, the Petitioner

### LIST OF DIABETIC SHOES EXHIBIT "II"

Dr. Comfort Shoes **Collection** …size 11-1/2 (3) EEE thirty-three (33) pair shoes and thirty-three (33) inserts size 11-1/2 (3) EEE through 2024

1. 4 pair CLASSIC dress shoes with (2) chestnut #8420 color and (2) black #8410 color
2. 6 pair WING dress shoes with (3) chestnut #8320 color and (3) black #8310 color
3. 3 pair PATRICK CASUAL shoes with (1) MULTI brown/black #8560 color (1) chestnut #8520 color and black #8510 color
4. 3 pair Performance Collection Metallic/Blue #7650, Black #7611 and Black/Gray #7610
5. 2 pair Winner Plus Shoe Collection Black #7210 White #7240
6. One Pair Endurance Plus Black #7310
7. One Pair Performance X Collection Black/Grey #991
8. (2) pair Dr. Comfort Relax Men's Slippers -Chocolate #5220 & Camel #5230 order slippers

Propet Shoes: 11-1/2 (3)EEE eleven (11) pair Propet Shoes:11-1/2 (3)EEE

1. **2 pair Ridge Walker** M3599 204350032 (Lcode L3222 4" Shoe Brown-BR
2. 2 pair **Ridge Walker** Low Shaft Black-B; and Grey/Blue- Grb
3. 6 pair **Traverse (2)** MBA042K 204500038 Black/Dark Grey BGR; (2) Grey/Black GRB; and (2) Sand/Brown SAB

**Dr. Comfort -Diabetic Socks 198 pairs shocks**
Over-the-Calif Men's Black large 72 pairs
Over-the-Calif Men's White large 36 pairs
**Crew Men's Black large 66 pairs and Crew Men's Sand large 24 pairs**

The CPAC Machine Res Med AirCurve ST-A Bilevel w/Humid Air, Plus get AirFit F10 Full Face Mask Assembly Kit, Res Med Airfit F10 Headgear Assembly, ResMed Climate Line Air Heated tubing, (2) Sleep Direct Filter for Resmed Air Sense 10

Petitioner has been refused these critical needs that are authorized that Veterans Affair refuses Petitioner as a Service Connected Veteran so that it is reasonable that a lump sum payment of forty thousand dollars ($40,000) should be paid to Petitioner for his direct payment to reimburse his loss

*EXHIBIT III*



## DEPARTMENT OF VETERANS AFFAIRS

June 26, 2015

DONALD R KARR
218 QUINLAN STREET
BOX 266
KERRVILLE TX 78028

In reply, refer to:
362/ER
File Number:     5558
Donald Karr

Dear Mr. Karr:

We made a decision regarding your entitlement to VA benefits.

This letter tells you what we decided. It gives the evidence used and reasons for our decision. We have also included information about what to do if you disagree with our decision and who to contact if you have questions or need assistance.

**Your current benefit payment will continue unchanged.**

## What We Decided

We made the following decision(s) regarding your claimed issue(s):

| Issue/Contention | Percent (%) Continued |
|---|---|
| allergic rhinitis (now claimed as allergies) | 0% |
| **Explanation** | |

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.
- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.
- A noncompensable evaluation is assigned unless there is a greater than 50 percent obstruction of nasal passage on both sides or complete obstruction on one side.

*1 of 18*

EXHIBIT VII

Page 2

File Number:   ·5558
KARR, DONALD R

| Issue/Contention | Percent (%) Continued |
|---|---|
| bilateral hearing loss | 0% |

**Explanation**

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.
- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.
- The evaluation for hearing loss is based on objective testing. Higher evaluations are assigned for more severe hearing impairment.
- Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. VAMC treatment records show you were referred to an audiologist for hearing problems in December 2011. The last evaluation in 201 showed sensorineural hearing loss, asymmetrical. There was no diagnosis of a disabling prostate condition for VA purposes. The evidence from VA Medical Centers submitted in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. Service connection for bilateral hearing loss remains denied since this condition neither occurred in nor was caused by service.

| Issue/Contention | Percent (%) Continued |
|---|---|
| diabetes melllitus type 2 | 20% |

**Explanation**

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.
- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.
- An evaluation of 20 percent is assigned if there is a requirement for insulin and restricted diet, or oral hypoglycemic agent and restricted diet. A higher evaluation of 40 percent is not warranted unless insulin, restricted diet, and regulation of activities are required.

2 of 18.

*EXHIBIT III*

Page 3

File Number:    5558
KARR, DONALD R

| Issue/Contention | Percent (%) Continued |
|---|---|
| hypertension | 0% |

**Explanation**

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.
- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.
- A noncompensable evaluation is assigned unless diastolic pressure is predominantly 100 or more; or unless systolic pressure is predominantly 160 or more; or unless the veteran has a history of diastolic pressure predominantly 100 or more requiring continuous medication for control.

| Issue/Contention | Percent (%) Continued |
|---|---|
| tinnitus | 10% |

**Explanation**

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.
- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.
- An evaluation of 10 percent is granted for recurrent tinnitus.
- You did not attend the VA examination we scheduled in connection with your claim, and did not show good cause for your failure to do so. Therefore, medical evidence that could have been useful to support your claim was not available to us.

| Issue/Contention |
|---|
| left hand condition |

**Explanation**

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or

*3 of 13*

*EXHIBIT III*

Page 4

File Number:    6558
KARR, DONALD R

---

record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.

- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.

---

### Issue/Contention

right hand condition

### Explanation

- A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim.

- The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim.

---

### Issue/Contention

eye condition

### Explanation

- Service connection for eye condition is denied since this condition neither occurred in nor was caused by service.

---

### Issue/Contention

emphysema

### Explanation

- Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that allergic rhinitis (now claimed as allergies) is related to service. Therefore, service-connection for emphysema on a secondary basis to this condition cannot be established. There is also no evidence showing emphysema was incurred in or aggravated by military service.

---

### Issue/Contention

PTSD/depression

### Explanation

- Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for PTSD/depression

4 of 18

EXHIBIT III

Page 5

File Number:    6558
KARR, DONALD R

is denied because the medical evidence of record fails to show that this disability has been clinically diagnosed.
- Your service treatment records do not contain complaints, treatment, or diagnosis for this condition.

| Issue/Contention |
|---|
| sleep apnea/sleeping problems |
| **Explanation** |
| • Service connection for sleep apnea/sleeping problems is denied since this condition neither occurred in nor was caused by service.<br>• Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Direct service connection requires medical evidence of a currently diagnosed disability, evidence that a disease or injury occurred in, was caused by, or aggravated by service, and evidence of a connection, or link, between the in-service injury or disease and the current disability. Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. VAMC treatment records show a diagnosis of obstructive sleep apnea in October 2014. In the absence of an event, injury or illness in service, service connection for sleep apnea/sleeping problems is denied. |

| Issue/Contention |
|---|
| left foot condition |
| **Explanation** |
| • Service connection for left foot condition is denied since this condition neither occurred in nor was caused by service. |

| Issue/Contention |
|---|
| COPD |
| **Explanation** |
| • Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that allergic rhinitis (now claimed as allergies) is related to service. Therefore, service-connection for COPD on a secondary basis to this condition cannot be established. There is also no evidence showing COPD was incurred in or aggravated by military service. |

| Issue/Contention |
|---|
| right leg dupuytren's disease |
| **Explanation** |
| • Service connection for right leg dupuytren's disease is denied since this condition neither occurred in nor was caused by service.<br>• Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. |

5 of 18

*EXHIBIT III*

Page 6

File Number:    6558
KARR, DONALD R

| Issue/Contention |
|---|
| left leg duputren's disease |
| **Explanation** |
| • Service connection for left leg duputren's disease is denied since this condition neither occurred in nor was caused by service. |

| Issue/Contention |
|---|
| chronic bronchitis |
| **Explanation** |
| • Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. The evidence does not show that allergic rhinitis (now claimed as allergies) is related to service. Therefore, service-connection for chronic bronchitis on a secondary basis to this condition cannot be established. There is also no evidence showing chronic bronchitis was incurred in or aggravated by military service. |

| Issue/Contention |
|---|
| prostate condition |
| **Explanation** |
| • A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New means that the evidence has not been considered before and material means it applies to the specific issue for which you were previously denied. New and material evidence must raise a reasonable possibility, that when considered with all the evidence or record (both new and old), that the outcome (conclusion) would change. The evidence can't simply be redundant (repetitive) or cumulative of that which we had when we previously decided your claim. |
| • The evidence from VA Medical Centers is not new and material evidence because it does not establish a fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. |
| • Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service records show treatment for prostate problems. VAMC treatment records show enlarged prostate in October 2011. The last evaluation in 2014 showed benign hypertrophy of prostate. There was no diagnosis of a disabling prostate condition for VA purposes. The evidence from VA Medical Centers submitted in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. Service connection for prostate condition remains denied since this condition neither occurred in nor was caused by service. |

| Issue/Contention |
|---|
| teeth condition |

6 of 18

*EXHIBIT III*

Page 7

File Number:    6558
KARR, DONALD R

| Explanation |
|---|
| • Service connection for teeth condition is denied since this condition neither occurred in nor was caused by service. |

| Issue/Contention |
|---|
| right foot condition |

| Explanation |
|---|
| • Service connection for right foot condition is denied since this condition neither occurred in nor was caused by service. |

| Issue/Contention |
|---|
| neck condition |

| Explanation |
|---|
| • Service connection for neck condition is denied since this condition neither occurred in nor was caused by service. |
| • Your service treatment records do not contain complaints, treatment, or diagnosis for this condition. |

## Are You Entitled to Additional Benefits?

Did you know you may be eligible for a VA guaranteed mortgage with no down payment (potentially exempt from a funding fee depending on your rating)? For more information about this benefit, or to determine and print your Loan Guaranty Certificate of Eligibility, please visit the eBenefits website at http://www.ebenefits.va.gov.

If you served overseas in support of a combat operation you may be eligible for mental health counseling at no cost to you at the Veteran's Resource Center. For more information on this benefit please visit https://www.myhealth.va.gov/mhv-portal-web/.

The VA provides Blind Rehabilitation services to eligible blind, low vision, or visually impaired Veterans to help them regain their independence and quality of life. The Veteran's blindness, low vision, or vision impairment does NOT have to be related or caused by military service. If you need help with your vision loss, please contact your nearest Visual Impairment Services Team Coordinator (VIST) at the eye clinic at your nearest VA Medical Center. For more information, go to www.va.gov/blindrehab/.

## Evidence Considered

In making our decision, we considered:

• Private Treatment Records, Pulmonary Medicine of Boerne, dated July 21, 2014

*7 of 18*

EXHIBIT III

Page 8

File Number:    6558
KARR, DONALD R

- Statement from you, Received June 12, 2014
- Statement from you, Received May 9, 2014
- VAMC (Veterans Affairs Medical Center) treatment records, from October 17, 2011 through June 16, 2015
- VA Form 21-526EZ Application for Disability Compensation and Related Compensation Benefits, dated September 10, 2014
- VA letter concerning your claim, dated June 3, 2015
- Section (§) 5103 Notice, dated June 3, 2014
- Statement from you, Received March 31, 2015
- VA Form 21-4142 Authorization and Consent to Release Information to Department of Veteran's Affairs, received June 12, 2014
- Statement from you, Received September 8, 2014
- Statement from you, Received July 29, 2014
- Section (§) 5103 Notice Response, received June 12, 2014
- DD Form 214, Certificate of Release or Discharge from Active Duty, dated June 12, 2014
- VA Examination Report of No Show, dated June 19, 2015
- Service Treatment Records, dated June 12, 2014
- Statement from you, Received December 23, 2014
- Private Treatment Records, Boerne Sleep Center, dated October 24, 2014
- Statement from you, Received June 12, 2014
- Statement from you, Received July 21, 2014
- Private Treatment Records, Methodist Hospital, dated June 16, 2014

## What You Should Do If You Disagree With Our Decision

If you do not agree with our decision, you must complete and return to us the enclosed VA Form 21-0958, *Notice of Disagreement*, in order to initiate your appeal. You have *one year from the date of this letter to appeal the decision.* The enclosed VA Form 4107, "*Your Rights to Appeal Our Decision,*" explains your right to appeal.

## What is eBenefits?

eBenefits provides electronic resources in a self-service environment to Servicemembers, Veterans, and their families. Use of these resources often helps us serve you faster! Through the eBenefits website you can:

- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Request a Veterans Service Officer to represent you
- Track the status of your claim or appeal
- Obtain verification of military service, civil service preference, or VA benefits
- And much more!

8 of 18

EXHIBIT III

Page 9

File Number:    6558
KARR, DONALD R

Enrolling in eBenefits is easy. Just visit www.eBenefits.va.gov for more information. If you submit a claim in the future, consider filing through eBenefits. Filing electronically, especially if you participate in our fully developed claim program, may result in a faster decision than if you submit your claim through the mail.

## If You Have Questions or Need Assistance

If you have any questions or need assistance with this claim, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|--------|---------------------|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | VA now uses a centralized mail system. For all written communications, put your full name and VA file number on the letter. Please mail or fax all written correspondence to the appropriate address listed on the attached *Where to Send Your Written Correspondence* chart, below. |

In all cases, be sure to refer to your VA file number 29296558.

If you are looking for general information about benefits and eligibility, you should visit our web site at http://www.va.gov, or search the Frequently Asked Questions (FAQs) at http://iris.va.gov.

We sent a copy of this letter to DISABLED AMERICAN VETERANS, who you have appointed as your representative. If you have questions or need assistance, you can also contact your representative.

Thank you for your service,

**Regional Office Director**

Enclosure(s):        VA Form 4107
                     VA Form 21-0958
                     Where to Send Your Written Correspondence

cc: DISABLED AMERICAN VETERANS

9 of 18


**Kootenai**Clinic

Chad Scarola MD
Shaun Brancheau DO
Craig Panos MD

Catherine Suriano MD
Glen Volyn MD

Family Medicine -
Sports & Concussion Care

*EXHIBIT III*

1701 Lincoln Way
Coeur d'Alene, ID 83814
208.625.4955 **tel**  208.625.4956 **fax**
kootenaihealth.org

05/27/2020 11:05 AM

DONALD KARR
212 W Ironwood Dr ND544
Coeur D Alene  ID, 838141403

To Whom It May Concern:

Don is followed in this office for chronic conditions including type 2 diabetes, COPD (6604), Asthma (6602), Emphysema (6603) and PTSD.  He has a long history of being allergic to mold and cedar dating back into the 1970's.  He has a history of chronic bronchitis ( 6600) due to small bronchial tubes.  His chronic bronchitis has turned into COPD for which he uses Anoro Ellipta.  He has also been diagnosed with type 2 diabetes and has a family history of diabetes. With having chronic Bronchitis at the VA in 2004 (6600), Asthma (6602) and Emphysema (6603) montelukast was prescribed at that time.  Also has PTSD and sleep apnea for which he uses a CPAP machine.  Any consideration would be appreciated.

Sincerely,

Provider:   Glen P. Volyn MD  05/27/2020 11:05 AM

Document generated by:  Beth Hinderman CMA  05/27/2020

_____

*Voice recognition technology may have been used in preparing this record if clarification or correction is needed for patient care, please contact my office.*

Kootenai Clinic Family Care Coeur d'Alene
1701 Lincoln Way
Coeur D Alene ID  83814-2537
(208)625-4955
(208)625-4956(Fax)

*10 of 18*

*EXHIBIT III*



# AFTER VISIT SUMMARY

**KootenaiHealth**

**Donald R. Karr "DON"** DoB: 2  /1948

📅 10/6/2023 8:20 AM  📍 Kootenai Clinic CDA Family Medicine Lincoln 208-625-4955

---

## Instructions from Glen P Volyn, MD

Your personalized instructions can be found at the end of this document.



### Today's medication changes

❌ STOP taking:
**terazosin** 10 MG Caps (HYTRIN)

Accurate as of October 6, 2023  8:51 AM.
**See the end of the After Visit Summary for your complete, current medication list.**



### Return in about 2 months
(around 12/6/2023).

---

## What's Next

| | | |
|---|---|---|
| **DEC 18 2023** | **PFT 60**<br>Monday December 18 1:00 PM | Kootenai Clinic CDA Lung and Asthma 700 W Ironwood Dr Ste 378 COEUR D ALENE ID 83814-4401 208-625-3555 |
| **DEC 18 2023** | **OFFICE VISIT AFTER PFT with Kevin J Chang, MD**<br>Monday December 18 2:00 PM | Kootenai Clinic CDA Lung and Asthma 700 W Ironwood Dr Ste 378 COEUR D ALENE ID 83814-4401 208-625-3555 |

## PCP

Primary Care Provider
Glen P Volyn, MD

Phone
208-625-4955

---

## Today's Visit

You saw Glen P Volyn, MD on Friday October 6, 2023 for: Medicare Annual Wellness Visit.
The following issues were addressed:

- Medicare annual wellness visit, subsequent
- Primary hypertension
- Type 2 diabetes mellitus with diabetic polyneuropathy, with long-term current use of insulin (CMS/HCC)
- Gastroesophageal reflux disease, unspecified whether esophagitis present
- Other depression
- Chronic obstructive pulmonary disease, unspecified COPD type (CMS/HCC)
- Posttraumatic stress disorder

| | |
|---|---|
| ⊘ Blood Pressure **110/60** | 👤 BMI **26.00** |
| Weight **171 lb** | Height **5' 8"** |
| Pulse **108** | Oxygen Saturation **97%** |

### ⊞ Done Today

P FALLS RISK ASSESSMENT DOCUMENTED (GER)5 for Medicare annual wellness visit, subsequent

P DM FOOT EXAM W/ QUESTIONS for Type 2 diabetes mellitus with diabetic polyneuropathy, with long-term current use of insulin (CMS/HCC)

*11 of 18*

---



## Allergies as of 10/6/2023

|  | Reaction Type |
|---|---|
| Albuterol | Allergy |
| Aspirin | Allergy |
| Budesonide | Allergy |
| Budesonide-formoterol Fumarate | Allergy |
| Cortisone | Allergy |
| Formoterol | Allergy |
| Penicillins | Allergy |
| Eastern Cottonwood Allergy Skin Test | Allergy |
| Fluticasone | Allergy |
| Molds & Smuts | Allergy |
| Mometasone Furo-formoterol Fum | Allergy |
| Poison Oak Extract | Allergy |

## MyChart Activation

MyChart is a free, secure online way for you to schedule your appointments, see your test results, review and refill your medications, get trusted health advice, contact your provider, pay bills, and do so much more.

**Go to** https://kh.ccmychart.org/kh/

**Click the "Sign Up Now" link.** For security reasons, when you first sign up, you must provide your date of birth, e-mail address, and the following access code:

**M7JC7-RJ7GM**
**Expires: 11/12/2023  8:16 AM**

For more information visit MyChart at https://kh.ccmychart.org/kh/

*12 of 18*

*EXHIBIT III*

# Your Medication List as of October 6, 2023 8:51 AM

ⓘ Always use your most recent med list.

---

**Accu-Chek Aviva Plus** Strp
Generic drug: Glucose Blood
Quantity: 100 Strip

USE TO TEST BLOOD GLUCOSE 5 TIMES DAILY

---

**Accu-Chek Aviva Plus** w/Device Kit
Quantity: 1 Kit

1 Kit 5 times daily.

---

**acetaminophen-codeine** 300-30 MG Tabs
Commonly known as: TYLENOL #3
Quantity: 90 Tablet

Take 1 Tablet by mouth every 6 hours as needed.

---

**Alcohol Wipes** 70 % Pads

1 Each 5 times daily.

---

**ascorbic acid** 500 MG Tabs
Commonly known as: Vitamin C

1 po daily

---

**benzonatate** 100 MG Caps
Commonly known as: Tessalon
Quantity: 270 Capsule

Take 1 Capsule by mouth three times a day as needed for cough.

---

**chlorhexidine** 0.12 % Soln
Commonly known as: PERIDEX

Swish and spit 15 mL in mouth twice daily.

---

**cholecalciferol** 5000 units Tabs
Commonly known as: VITAMIN D3

1 po daily

---

**clopidogrel** 75 MG Tabs
Commonly known as: Plavix
Quantity: 120 Tablet

TAKE 1 TABLET BY ORAL ROUTE EVERY DAY

---

**clotrimazole** 1 % Crea
Commonly known as: LOTRIMIN
Quantity: 30 g

Apply 1 Application. externally twice daily.

---

**gabapentin** 300 MG Caps
Commonly known as: Neurontin
Quantity: 270 Capsule

TAKE ONE CAPSULE BY MOUTH THREE TIMES DAILY

---

**glimepiride** 4 MG Tabs
Commonly known as: Amaryl
Quantity: 270 Tablet

Take 1 Tablet by mouth in the morning, at noon, and at bedtime.

---

**High-Protein Nutritional Shake** Liqd
Quantity: 270 Each

Take 1 Each by mouth three times a day.

---

**hydrocortisone** 2.5 % Crea
Commonly known as: HYTONE
Quantity: 30 g

Apply 1 Application. externally twice daily.

---

13 of 18

Your Medication List (continued) as of October 6, 2023 8:51 AM

| | |
|---|---|
| **Jardiance** 25 MG Tabs<br>Generic drug: empagliflozin<br>Quantity: 90 Tablet | TAKE ONE TABLET BY MOUTH IN THE MORNING |
| **levalbuterol HFA** 45 mcg/act Aero<br>Commonly known as: Xopenex<br>Quantity: 15 g | 2 Puffs every 6 hours. |
| **losartan** 25 MG Tabs<br>Commonly known as: Cozaar<br>Quantity: 90 Tablet | TAKE ONE TABLET BY MOUTH DAILY |
| **Magnesium** 500 MG Caps | 2 po daily |
| **metformin** 500 MG Tb24<br>Commonly known as: Glucophage XR<br>Quantity: 450 Tablet | TAKE FOUR TABLETS BY MOUTH DAILY |
| **montelukast** 10 MG Tabs<br>Commonly known as: Singulair<br>Quantity: 90 Tablet | TAKE ONE TABLET BY MOUTH EVERY DAY IN THE EVENING |
| **mupirocin** 2 % Oint<br>Commonly known as: BACTROBAN | Apply 1 Application. externally three times a day. |
| **naproxen** 500 MG Tabs<br>Commonly known as: Naprosyn | Take 1 Tablet by mouth every 12 hours. |
| **omeprazole** 20 MG Cpdr<br>Commonly known as: PriLOSEC<br>Quantity: 90 Capsule | TAKE ONE CAPSULE BY MOUTH EVERY DAY, 30 MINUTES TO 1 HOUR BEFORE A MEAL |
| **Polyvinyl Alcohol-Povidone PF** 1.4-0.6 % Soln<br>Commonly known as: Refresh | Place 1 Drop into both eyes as needed. |
| **rosuvastatin** 5 mg Tabs<br>Commonly known as: Crestor<br>Quantity: 90 Tablet | TAKE ONE TABLET BY MOUTH DAILY |
| **SOFTCLIX LANCETS** Misc<br>Quantity: 100 Each | USE TO TEST BLOOD GLUCOSE 5 TIMES DAILY |
| **Trulicity** 0.75 MG/0.5ML Sopn<br>Generic drug: Dulaglutide<br>Quantity: 2 mL | Inject 0.75 mg under the skin every week. |
| **umeclidinium-vilanterol** 62.5-25 MCG/ACT Aepb<br>Commonly known as: ANORO<br>Quantity: 60 Each | Inhale 1 Inhalation. by mouth once daily. |
| **Urea** 10 % Crea | Apply externally as needed. apply to affected area as directed |
| **zinc gluconate** 50 MG Tabs | 1 po daily |

*14 of 18*

Please review your updated medication list with care.  Note changes.  Take this list with you to your next doctor's appointment.  Review it with your doctor.  Call your doctor if you have any medication questions.

Always update your medication list if you or your doctor:
• Change the type of medication you take
• Change a medication dose
• Stop a medication
• Start a new medication

Be sure to include over-the-counter and herbal medications on your list.  Keep a copy of your medication list with you at all times. You will need it in case of an emergency.

Kootenai Clinic CDA Family Medicine Lincoln
1701 Lincoln Way
COEUR D ALENE ID 83814-2537

*EXHIBIT  III*

# Instructions from Glen P Volyn, MD

**Assessment & Plan**

Diagnoses and all orders for this visit:

### Medicare annual wellness visit, subsequent
Comments:
discussed preventive measures appropriate for age including lab update and review, cnacer screening
recommendations for age, and immunization review
Orders:
- P FALLS RISK ASSESSMENT DOCUMENTED (GER)5

### Primary hypertension
Comments:
good blood pressure control

### Type 2 diabetes mellitus with diabetic polyneuropathy, with long-term current use of insulin (CMS/HCC)
Comments:
Improving numbers with insulin therapy, would hold glimiperide if low numbers and now would decrease
glimiperide to 2 mg twice daily and at this time

### Gastroesophageal reflux disease, unspecified whether esophagitis present
Comments:
chronic stable problem

### Other depression
Comments:
likely bipolar depression although decline regarding treatment

### Chronic obstructive pulmonary disease, unspecified COPD type (CMS/HCC)
Comments:
not limiting function

### Posttraumatic stress disorder
Comments:
chronic issues regarding veterans benefits

*EXHIBIT III*

# Patient Information

## Patient Information

| Patient Name | Legal Sex | DOB |
|---|---|---|
| Karr Jr., Donald Richard | Male | /1948 |

## Patient Demographics

| Address | Phone | E-mail Address |
|---|---|---|
| 212 W IRONWOOD NMR D544 | 830-777-1208 (Mobile) | karr.donaldrjr@gmail.com |
| COEUR D ALENE ID 83814 | *Preferred* | |

## PCP and Center

| Primary Care Provider | Phone | Center |
|---|---|---|
| Glen P Volyn, MD | 208-625-4955 | None |

# Problem List

## ≅ Problem List

Date Reviewed: **6/12/2023**

as of 11/8/2023

| | ICD-10-CM | Priority | Class | Noted - Resolved |
|---|---|---|---|---|
| **Posttraumatic stress disorder** | F43.10 | | | 10/6/2017 - Present |
| **Type 2 diabetes mellitus with diabetic polyneuropathy, with long-term current use of insulin (CMS/HCC)** | E11.42, Z79.4 | | | 2/12/2018 - Present |
| **Chronic obstructive pulmonary disease (CMS/HCC)** | J44.9 | | | 2/22/2022 - Present |
| **Asthma** | J45.909 | | | 4/6/2022 - Present |

Overview Signed 4/6/2022  3:52 PM by Kaitlyn R Venner, PCP SCRIBE
Continue current medications as prescribed.

| | ICD-10-CM | Priority | Class | Noted - Resolved |
|---|---|---|---|---|
| **Primary hypertension** | I10 | | | 6/29/2022 - Present |
| **Gastroesophageal reflux disease** | K21.9 | | | 6/29/2022 - Present |
| **Benign prostatic hyperplasia** | N40.0 | | | 3/9/2017 - Present |
| **Hyperglycemia due to diabetes mellitus (CMS/HCC)** | E11.65 | | | 9/8/2023 - Present |

Overview Signed 9/8/2023  9:24 AM by Glen P Volyn, MD
poor diabetic control, despite multiple medications, consider trulicity

| | ICD-10-CM | Priority | Class | Noted - Resolved |
|---|---|---|---|---|
| **Nightmares associated with chronic post-traumatic stress disorder** | F51.5, F43.12 | | | 9/8/2023 - Present |

Overview Signed 9/8/2023  9:26 AM by Glen P Volyn, MD
there may be options for med treatment if needed

*17 of 18*

EXHIBIT III

| | ICD-10-CM | Priority | Class | Noted - Resolved |
|---|---|---|---|---|
| Depression | F32.A | | | Unknown - Present |
| Tinnitus of both ears | H93.13 | | | 11/8/2023 - Present |

18 of 18

# DONALD R. KARR JR.

212 W. Ironwood Drive #D544
Coeur d' Alene, Idaho 83814
donaldrkarrjr1973@gmail.com
(830) 388-3430

March 20ᵗʰ 2024

U. S. District Court Clerk
Texas U. S. District Court
1100 Commerce Street Room 1452
Dallas, Texas 75242

U. S. District Court Clerk,

I am sending this case to file with the court because of this being within the jurisdiction of this court at the time the events began in Texas. My status of poverty makes my request to present this case without payment of fees at this time and my budget is shown below in addition to the Exhibit shown as Exhibit "I" through "III" that I will need to amend this case shortly with additional circumstances not yet shown in this complaint that I ask for a jury trial. I will not be serving this case until I can amend the complaint. Hopefully I will be able to get help so that I can pay my court fees and costs soon in a Go Fund Me page that I have just organized.

My long term care plans will be to stay with private doctors and Medicare because VA pays for nothing and has paid nothing in over four years now! My latest bill of copay from doctors and tests was $150.75 and a shock to me for the end of November!

My doctor prescribes three (3) protein drinks per day that can help me to regulate my diabetics with the Trulicity an insulin so this is a cost of $238.21 monthly average, rent is $589 monthly, Storage is $154.95 month, Utilities in the winter average $180-200+ monthly, Medicare with billings for doctors and tests pus medications average $225 month totaling $1,407.16 leaving of $1,736.31 monthly income $329.15 for food and dog treats for my service dog who wakes me when I stop breathing. I have no transportation so I can not rely on anyone to take me to a food bank for help! This housing project that I live in has the poor and disabled people living here!

Soon I leave this Coeur d' Alene area returning to Texas with Max my service dog hopefully May 2024. The Safeway Pharmacy can take care of my needs, where ever I relocate to, that VA has made it clear in the last over four years they will do nothing I receive only $524.31 monthly! Which now brings my needs that are now what I litigate to obtain here, with Veterans Affair, that I have prepared with this Writ/Complaint so that it can be served on them soon! Now I fight for what has been stolen from me at Veterans Affair and TRICARE Insurance!

Veterans Affair will finally have the courts holding them accountable for allowing someone to impersonate me, as a Solider, and steal my benefits since on or about September 1973.

Sincerely, Donald R. Karr Jr, enclosures Exhibits "I" through "III" attached.

