IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RICHARD KARR, JR., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-823-L-BK |
| | § | |
| JOESPH R. BIDEN, JR., ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious.

On March 26, 2024, Donald Richard Karr, Jr., a resident of Idaho, filed a *pro se* petition naming as Defendants the President of the United States, the United States of America, the Department of Veterans Affairs (VA), the VA Secretary, and numerous other governmental and private entities and individuals. Doc. 3 at 1-2. Karr's rambling petition is difficult to decipher and largely nonsensical.

Karr alleges that he is a veteran of the United States Army, and that the VA wrongfully denied his disability claims beginning in 1973. Doc. 3 at 2-4. The 64-page petition alleges criminal conspiracy, fraud, Racketeer Influenced and Corrupt Organizations (RICO) violations, constitutional violations, identity theft, and defamation. Karr seeks monetary damages and attorneys' fees, and asks the Court to order the VA to award him 100% VA disability benefits

and to revoke the college degrees awarded Donald Lee Karr and Donald Ray Karr. Doc. 3 at 62-64.

This Court takes judicial notice of the recent order granting Karr's IFP motion in an action currently pending the United States District Court for the Western District of Texas. There, on March 25, 2024, Karr filed a nearly identical petition, along with a motion to proceed *in forma pauperis* (IFP motion). *Karr v. Biden*, No. 1:24-CV-0323 (W.D. Tex.). Thus, his complaint in the instant case is subject to review for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

"IFP complaints may be dismissed as frivolous when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). That is the case here, where Karr's allegations are duplicate of the claims previously dismissed in the Western District of Texas. Indeed, on April 5, 2024, the magistrate judge in the pending Western District of Texas case has recommended that the suit be dismissed as duplicative of an even earlier action he filed in 2015, unsuccessfully asserting the same claims and allegations against many of the same defendants. *Karr v. Biden*, No. 1:24-CV-0323 (W.D. Tex. Apr. 5, 2024) (citing *Karr v. United States.*, No. 5:15-CV-0317 (W.D. Tex. Sept. 23, 2015)). In the 2015 suit, the court found that it lacked jurisdiction over Karr's "request for recalculation of his service-connected disability status" and that his other claims were either frivolous or failed to state a plausible claim for relief. *See* No. 5:15-CV-0317, Dkt. 13 at 6-9.

Here, even under the most deferential review, the Court concludes that Karr merely reasserts his previous claims filed in the District Court for the Western District of Texas, which arose from substantially the same facts and course of events and involved the same defendants.

Thus, this action is duplicative, and should be **DISMISSED WITH PREJUDICE** as frivolous

and malicious.

      **SO RECOMMENDED** on April 11, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).